**Leroy COTTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44222.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

---

1. Appellant had received permission to go to his parents' home in Arkansas.

Holt & Tatum, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

The record reflects that on May 12, 1969, appellant entered a plea of guilty before the court to the offense of assault with intent to murder and punishment was assessed at 5 years. Imposition of the sentence was suspended, and appellant was placed on probation.

Among such conditions of probation were:

"(d) Report to the Probation Office as directed;

\* \* \*

(i) \* \* \* Pay Court Cost in amount of $54.20 within 15 days and $10.00 per month during probation period beginning July 1, 1969, in accord with Art: 42:12 Sec. 6a Code Criminal Procedure [Vernon's Ann. C.C.P]."

On January 12, 1971, a motion to revoke probation was filed. Such motion alleged that the appellant had violated the terms of his probation in that he "(1) Failed to pay probation fee's as directed by the Court, and is behind $20.50. (2) Failed to report to probation department as directed by Court, and is behind two reports."

On February 10, 1971, a hearing was conducted on the motion to revoke probation, after which the trial court granted the motion. Appellant was sentenced and gave notice of appeal.

The appellant contends the evidence is insufficient to sustain revocation of probation on either of the grounds alleged and the court abused its discretion in doing so.

■ With regard to the failure to report to the probation department as directed, there is no evidence in the record as to when appellant was to report. Therefore, we conclude that the trial court abused its discretion in revoking probation on this ground. Campbell v. State, Tex.Cr.App., 420 S.W.2d 715.

■ With regard to the payments into the probation department, the order states that these were to begin July 1, 1969; it does not indicate on what date the subsequent monthly payments were to be made.

Defendant's Exhibit No. 1 entitled "Probation Record" was admitted into evidence. This appears to be a record kept by the district clerk showing payments made by the appellant. It shows payments of $54.20, listed as court costs, and $80.00, listed as probation fee, on one date; $10.00 payments made on six other dates; and the payment of $29.50 on the final date shown on the exhibit, this being December 2, 1970.

The state proceeded on the theory that the probation fee was to be paid on the first of each month. However, the order does not specify the date on which monthly payments were to have been made, and the District Clerk of Nacogdoches County testified that "They (probationers) don't pay on the first always. Two, three, four or five days, don't ever refuse their money." Thus, had appellant's next payment become due on any other date in December than the first or second of the month, he would have been only fifty cents in arrears.

The record further reflects that part of the time that this appellant was on probation he was unemployed and at other times he was in jail.

We conclude that the state did not meet its burden to prove that appellant's failure to pay probation fees was wilful and did not prove his ability to make such payments. Pool v. State, Tex.Cr.App., 471 S.W.2d 863 (1971); Hall v. State, Tex.Cr.App., 452 S.W.2d 490; Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422.

The judgment is reversed and cause remanded.

MORRISON, J., not participating.