Dennis HILTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44806.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Don W. Cihak, Muleshoe, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On September 3, 1969, the appellant entered a plea of guilty before the court to the offense of knowingly passing as true a forged instrument. The court assessed the punishment at 3 years but suspended the imposition of the sentence and placed the appellant on probation. Among the probationary conditions were the requirements that the appellant remain within Parmer County and not leave said county unless permitted to do so by the probation officer and that he pay court costs as well as restitution in the amount of $64.25 at the rate of $50.00 a month.

On May 14, 1971, the State filed a motion to revoke alleging that the appellant had violated the above described probationary conditions.

A hearing on such motion was conducted on May 27, 1971, following which the court revoked probation upon the grounds alleged. Sentence was then imposed and notice of appeal was given.

Relying upon Hall v. State, 452 S.W.2d 490, 492 (Tex.Cr.App.1970) appellant contends the evidence is insufficient to show his ability to make the payments required and that failure to make restitution was intentional, McKnight v. State, 409 S.W.2d 858 (Tex.Cr.App.1966) and the failure to pay court costs was willful. Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962).

■ We agree but conclude the evidence is sufficient to show that appellant left Parmer County without permission and that such violation alone would justify the revocation.

■ Sheriff Lovelace, to whom the appellant was required to report,[1] testified that his investigation showed that the appellant left the county five or six days after he was granted probation and that he had not been given permission to do so. The sheriff revealed that he had reports that the appellant had been arrested in the states of Michigan and Ohio, and that he eventually returned the appellant to Parmer County from Phoenix, Arizona.

Testifying in his own behalf, appellant admitted he left the county and state without permission and that "It was all his own fault."

■ Appellant complains, however, that he was denied a "speedy trial" in connection with the hearing on the motion to revoke probation. This complaint is based on the fact that Sheriff Lovelace testified he had learned that appellant was in jail in Michigan and Ohio on other charges and made no effort to return him to Texas for hearing on the violation of his probation.

In Fariss v. Tipps, 463 S.W.2d 176 (1971) the Supreme Court of Texas held that a revocation of probation proceeding was a "criminal prosecution" within the state constitutional section providing that in all criminal prosecutions accused shall have a speedy public trial. See Vernon's Ann.St.Const. Art. I, Sec. 10. See also Article 24, Vernon's Ann.P.C.

Here we observe that the appellant made no motion for a speedy trial at any time nor did he move to set aside the motion to revoke for the failure to accord him a "speedy trial." Martinez v. State, 469 S.

---

1. In light of the provisions of Secs. 10 and 31 of Article 42.12, Vernon's Ann.C.C.P., the sheriff should not be called upon to act as probation officer. Further, the Standards Relating to Probation, American Bar Association Project on Standards for Criminal Justice, Sec. 6.1 (approved draft) provides as follows:

"Legislative responsibility; administrative structure

(a) Legislative bodies should appropriate sufficient funds so that all trial courts administering criminal justice will have adequate probation services and personnel in order to implement properly the standards developed in this report.

(b) It is appropriate for probation services to be administered at either the state or local level, *but in no event should control be vested in an agency having prosecutorial functions.*" (emphasis supplied)

W.2d 185, 187 (Tex.Cr.App.1971). Further, the hearing was conducted within 13 days after the filing of the motion to revoke probation. While it is not clear just why there was a delay in filing the motion to revoke, cf. Miller v. State, 168 Tex.Cr. R. 570, 330 S.W.2d 466 (1959), we cannot conclude that under the circumstances presented that the court abused its discretion in revoking probation.

The judgment is affirmed.