Charles Ray GORMANY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45936.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Maner & Nelson by John F. Maner, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Jim D. Rudd, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant's conviction is for robbery by assault. A jury assessed punishment at five years imprisonment, but recommended that he be granted probation. The jury's recommendation to grant probation was mandatory and the imposition of sentence was suspended with the appellant being placed on probation on April 13, 1971.

On August 23, 1971, a motion was filed to revoke probation alleging that, contrary to the conditions of probation, the appellant "had failed to work faithfully at suita-

ble employment" and had failed to pay probation fees of $10.00 per month for three months. After the hearing, the court revoked probation finding a violation of both conditions and pronounced sentence on December 16, 1971.

The appellant argues that the State's evidence was insufficient to prove a violation of either of the conditions.

The only proof offered by the State on the first condition was for the most part hearsay testimony of the probation officer received over objection. The appellant testified in his own behalf and that testimony may also be considered.

The nineteen-year-old appellant, who had not graduated from high school, testified that after being granted probation on April 13, 1971, he was not able to secure employment until July 20, 1971. The difficulty in obtaining work in his words was: "Well, they had me filling out applications, on each application they asked have you ever, you know, been in trouble with the police and I told them I was on probation and they told me they would check with me. They never did call me."

Appellant's first employment was with Atlas Portable Building Company, assembling and disassembling steel buildings. He said he quit his work with that company because the work in Lubbock County had been finished and the crew moved to another county. A condition of his probation would not permit him to leave Lubbock County. His next employment was with the Coca Cola Bottling Company. On the second day of work he could not get his car started and did not get to work in time. The manager told appellant to come back the next Monday. Before that Monday appellant secured employment at Reese Air Force Base. After working there nine or ten days, the appellant quit. The reason he gave for quitting was that changes in

his duties caused him to fall behind with his work which precipitated an argument with the cook. At the time of his arrest the appellant said he had obtained another job at the Lubbock State School to work in the food service department.

■ The evidence is then that the appellant had applied for a number of jobs; had secured employment four times and had a job to go to at the time he was arrested. As was said in Perry v. State, 459 S.W.2d 865 (Tex.Cr.App.1970) where the facts were similar, the evidence is clearly insufficient to support the court's finding that the appellant had failed to work faithfully at suitable employment.

The evidence offered to show a violation of the other condition was that the appellant had failed to pay the probation fee of $10.00 per month on the 5th day of June, July and August and was $30.00 in arrears at the time of his arrest.

Prior to his arrest the appellant had offered to pay the $30.00 probation fee from funds which his fiancee was willing to let him have.[1]

The appellant also testified that his father and brother had "loaned" or "given" him certain money which he had used for his livelihood. The record was not further developed along these lines. While being cross-examined the appellant was not required to testify to the amounts of money he had obtained from various sources and how he had expended the money. Had this been done such testimony might very well have supported the State's allegation and the Court's finding.

■ The evidence in the record before this Court that appellant had some money is not sufficient to prove the appellant's ability to pay the probation fee and that his failure to pay the fee was wilful. Cotton v. State, 472 S.W.2d 526 (Tex.Cr.App.

1. At the hearing on the motion to revoke probation, the appellant tendered $70.00, which would include the probation fee for the months he had remained in jail awaiting hearing. These funds were also to be obtained from his fiancee.

1971); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970); Hardison v. State, 450 S.W.2d 638 (Tex.Cr.App.1970); and compare Hilts v. State, 476 S.W.2d 283 (Tex.Cr.App.1972); Pool v. State, 471 S.W.2d 863 (Tex.Cr.App.1971); Cox v. State, 445 S.W.2d 200 (Tex.Cr.App.1969); Campbell v. State, 420 S.W.2d 715 (Tex.Cr.App.1967); McKnight v. State, 409 S.W.2d 858 (Tex.Cr.App.1966) and Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962).

There being insufficient evidence to support the order revoking probation there was an abuse of discretion in the entry of such order. The judgment is reversed and the cause remanded.

Opinion approved by the Court.