**Alton John SELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47747.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

———◆———

Kenneth W. Booker, Tyler, for appellant.

Curtis Owen, Dist. Atty. and Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant entered a plea of guilty and upon trial before the Court on April 24, 1972, was found guilty of the offense of burglary with intent to commit theft. The punishment was assessed at five years' imprisonment. Imposition of the sentence was suspended and probation was granted. On February 5, 1973, after a hearing on the State's motion the appellant's probation was revoked. Sentence was imposed on February 19, 1973.

The appellant's only contention is that the Court abused its discretion in revoking probation because the requirements of Article 42.12, Section 6, Vernon's Ann.C.C.P. were not complied with when probation was granted.[1]

The appellant contends that the docket does not show a notation as to the date he was furnished with a copy of the terms and conditions of probation, and that the clerk did not furnish him a copy of the terms and conditions of probation.

The testimony of the deputy district clerk, the probation officer and the appellant show that at the time the appellant was placed on probation he was furnished with a written copy of the terms and conditions of probation which were explained to him by the trial court. A copy of the terms and conditions of probation was signed by the Court, the probation officer and the appellant. The clerk handed two copies of the terms and conditions or probation to the probation officer, the probation officer then gave one copy to the appellant and retained the other copy for his records.

1. The pertinent part of Article 42.12, Section 6, V.A.C.C.P., provides that:
"The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions; provided, however, that the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket . . . ."

It appears that the clerk failed to note on the docket sheet the date on which a copy of the terms and conditions of probation was delivered to the appellant. In McShan v. State, 458 S.W.2d 78 (Tex.Cr. App.1970) it was held that the Court did not abuse its discretion in revoking probation where there had been a failure to comply with the statute requiring the clerk to note on the docket the date of delivery of a copy of probation terms and conditions, where the clerk testified that the defendant had been given a copy of the order and a copy entered on minutes reflected acknowledgment of its receipt.

We find no abuse of discretion in revoking probation. The judgment is affirmed.

Opinion approved by the Court.