**Ronald Earl STEVENSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49342.**

Court of Criminal Appeals of Texas.

Jan. 8, 1975.

M. Gabriel Nanas, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant plead guilty to the offense of burglary with intent to commit theft on August 20, 1969. On that date, the court found him guilty and assessed his punishment at imprisonment for five years. Imposition of sentence was suspended, and the appellant was placed on probation for a period of five years.

On March 30, 1973, the State filed a motion to revoke appellant's probation, alleging that he had violated the terms and con-

ditions of his probation in that he had, on the fourth day of that month, committed the offense of assault with intent to murder; that he was sixty dollars in arrears in supervision fee payments, and that he was twenty dollars in arrears in restitution payments.

A hearing was held on this motion on November 21, 1973. At the conclusion of that hearing, the court revoked appellant's probation. It is from this order that appeal is taken.

■■■■ The appellant's first contention on this appeal urges the court abused its discretion in revoking his probation because there was no showing that he received a copy of the terms and conditions of his probation on August 20, 1969, the date it was granted.

Art. 42.12, Sec. 6, Vernon's Ann.C.C.P., states, in pertinent part:

" . . . the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket."

There can be no question that this duty should be performed. See Bush v. State, 506 S.W.2d 603 (Tex.Cr.App.1974). Further, it appears that the burden is on the State to prove proper compliance with the requirements of the statute (see the suggested procedure outlined in footnote # 1, Bush v. State, supra), although the State's failure to do so may not be raised for the first time on appeal.[1] See Bush v. State, supra.

In the instant case, the State does not seriously contend that a proper compliance

with the requirements of the statute has been shown. The record contains no receipt signed by the appellant and the docket sheet contains no entry showing when a copy of the terms and conditions was delivered to the appellant. See Art. 42.12, supra, and compare Sell v. State, 501 S. W.2d 906 (Tex.Cr.App.1973) and McShan v. State, 458 S.W.2d 78 (Tex.Cr.App.1970). The State's first witness, appellant's probation officer, testified on direct examination that the appellant did not receive a copy of the terms and conditions of his probation until April 7, 1972. This testimony is supported by a notation on the copy of the terms and conditions to the effect that they were furnished to the appellant on April 7, 1972. In view of the fact that probation was granted on August 20, 1969, there can be no question but that the mandatory terms of the statute have been violated.[2]

However, we must consider whether this violation, standing alone, requires a finding that the court abused his discretion in revoking the appellant's probation.

■■ Art. 42.12, Sec. 6, supra, has a two-fold purpose. It is intended to insure: first, that a probationer receives an adequate explanation of the terms and conditions of his probation and understands them; and second, that a record of when that explanation was made will be kept, so as to foreclose possible disputes in the future. See the concurring opinion in Avalos v. State, 480 S.W.2d 382 (Tex.Cr.App. 1972) and cases there cited.

The cases presenting this problem in the past have been dealt with in light of this legislative intent. In Smith v. State, 422 S.W.2d 440 (Tex.Cr.App.1967) there was

---

1. Although appellant made no objection on this ground during the revocation hearing, his contention was raised in a brief properly submitted to the trial court. We will therefore assume, for the purposes of this case, that the matter has been sufficiently preserved for review. See Art. 40.09, V.A.C.C.P.

2. The State appears to urge that the cause of this violation is the appellant. The record reflects that he was directed to report on

August 22, 1969, to receive a copy of the terms and conditions of probation and that he failed to report. It further appears that he did not personally report until April 10, 1972. However, it also appears that the appellant may have been in jail during some of this period. At any rate, no motion to revoke for failure to report appears to have been filed. Since we base our decision on another ground, we need not discuss the possible lack of diligence by the parties.

no showing that the probationer ever received a copy of the terms and conditions of probation. However, at the hearing on the State's motion to revoke, he testified that the court had explained the conditions to him. In Cox v. State, 445 S.W.2d 200 (Tex.Cr.App.1969) the probationer moved, with permission, to California. The record contained no showing that the clerk had furnished him with a copy of the terms and conditions of probation. His probation officer did testify that a copy had been mailed to him in California.

Thus, in each of these cases, a compliance with the primary purpose of the statute; that is, insuring that the probationer has been made aware of and understands the terms and conditions of his probation, was shown.

■ In the instant case, the appellant received the terms and conditions of his probation on April 7, 1972. The State's motion to revoke alleged a violation of the laws committed on March 4, 1973, and this date was proved at the hearing. Thus, the appellant received the terms and conditions of his probation almost a year prior to the violation for which his probation was revoked. The primary purpose of Art. 42.12, Sec. 6, supra, has been served. The appellant received the terms and conditions of his probation and understood them well in advance of his violation of them. While trial judges are admonished to require a more complete compliance with the statute, the violation here does not reflect reversible error.

Appellant's second contention is that he was not shown to be the same Ronald Earl Stevenson who was convicted of the offense of burglary with intent to commit theft and received probation on August 20, 1969. This contention is without merit. The evidence adquately shows the appellant to have been properly identified.

The judgment is affirmed.