**Jerry M. HARTSFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50248.**

Court of Criminal Appeals of Texas.

June 4, 1975.

**684**

Tom Tatum, Tyler, for appellant.

Curtis L. Owen, Dist. Atty. and Frank McClendon, III, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On May 17, 1971, appellant entered a plea of guilty before the court to the offense of felony theft. Punishment was assessed at three years, the imposition of sentence was suspended, and appellant was granted probation.

On April 6, 1973, the State filed a motion to revoke appellant's probation. The condition [1] alleged to have been violated by appellant was that he "failed to report to the probation officer between the 1st and 10th days of October, November and December of 1972, and January, February, March and April of 1973."

After a hearing on July 3, 1973, the court revoked appellant's probation. At the close of the revocation hearing, the court made the finding "that in accordance with the Application on file, that he failed to report during the period, as alleged in here, during the months of October, November, and December of 1972, and Janu-

ary, February, March, and April of 1973, as alleged in the Application."

Appellant contends the court erred in that there was insufficient evidence to support the court's finding in revoking probation.

The State's only witnesses at the probation hearing were Phillip Lewis, Assistant Adult Probation Officer of Bexar County, and Elliott Boyles, Adult Probation Officer of the 114th Judicial District Court. Appellant did not testify, nor did he offer any evidence in his behalf.

Lewis testified that his department was requested to provide "courtesy supervision" [2] for the Smith County Adult Probation Department in May of 1971, and that appellant's case "was officially under my supervision from October 1, 1971 until the last contact that we had with the Defendant."

The record reflects that the following testimony was elicited from Lewis.

"Q. All right, can you tell me what months he reported?

"A. Yes, sir. He did, of course, report in May, 1971. Also reported June, July, August, September, October, November and December of 1971. January, February, March, April, May, June, July, August, and September of 1972. [At this juncture, the record reflects that the court ordered stricken the testimony 'pertaining to the period before October of 1971, when the witness personally started supervision of him.']

"Q. All right, when was the last time he reported to you?

"A. September 28, 1972.

1. Condition (d) of appellant's probation provided that he "report to the probation officer between the 1st and 10th days of each month."

2. Probation officers who extend "courtesy" supervising authority are cautioned to read Art. 42.12(B), Secs. 5, 6, Vernon's Ann. C.C.P.

"Q. Did you at that time establish that he was to report to you at a later date, or to someone else, or what?

"A. . . . Yes, he was to report again in October, 1972.

"Q. Who was he to report to in October of 1972?

"A. . . . He was to report to our office. He would be reporting to me if I were in the office. If I happened to be traveling, in the jail, something of that sort, he would report to any one of the other Felony Officers.

"Q. To your personal knowledge, did he report to you in October, November, and December of 1972?

"A. No, sir, he did not.

"Q. To your personal knowledge, did he report to you in January, February, March, or April of 1973?

"A. No, sir, he did not."

The State then sought to question Lewis relative to whether the records of the office reflected if appellant reported to any one in the office during the period in question. Each time the prosecutor asked such question, the court sustained appellant's objection that the proper predicate had not been established for the introduction of the records. The record is devoid of any evidence relative to whether appellant reported to any officer other than Lewis in the Adult Probation Department of Bexar County on the months in question.

By way of summary, the State proved that appellant was under "courtesy supervision" of the Adult Probation Department of Bexar County. Appellant was to report to Probation Officer Lewis if he were in the office. In the event that Lewis was not in the office, appellant was to report "to any one of the other Felony Officers." The evidence reflects nothing more than that appellant did not report to Lewis on the months in question. We find the evidence does not support the court's finding, and conclude that the court abused its discretion in revoking appellant's probation.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

