**Larry William IVY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53371.**

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

C. David Evans and W. Allan Craig, San Antonio, for appellant.

John H. Flinn, Dist. Atty., Sinton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation wherein appellant stands convicted of the offense of theft over $50.00, with the sentence being assessed at four years' imprisonment.

On March 24, 1971, appellant entered a plea of guilty to the court and punishment was assessed at five years, probated. The order of probation contained, among others, the following terms and conditions of probation:

"5. Report in person or by letter to Sheriff of San Patricio County, at Sinton, Texas, on the first Saturday of each month;[1]

10. Report immediately any change of address, change of job or arrest to the Sheriff of San Patricio County;

12. Pay restitution in the amount of $690.00 to the Sheriff of San Patricio County, Texas, for the benefit of Hessie Reed, Aransas Pass, Texas, at the rate of $25.00 per month, the first payment of $25.00 due and payable the 1st day of May, 1971, and a like amount due on the 1st day of each month thereafter until full restitution has been made.

13. Pay to the Sheriff of San Patricio County a statutory supervisory fee of $10.00 each month, payment being made with report on the first Saturday of each month. First payment due May 1, 1971."

On November 5, 1975, the State filed its motion to revoke, alleging that appellant had "failed to report in person or by letter to the Sheriff of San Patricio County" since October of 1971; that appellant had failed to report any "change of address, change of job or arrest to the Sheriff of San Patricio County," and that appellant had also failed to pay the balance of $505.00 of restitution and the balance of $480.00 of statutory supervision fees to the "Sheriff of San Patricio County". The trial court, after hearing the evidence, entered findings of fact revoking on all four alleged violations.

Appellant's first ground of error challenges the sufficiency of the evidence to support each of the alleged findings.

Appellant initially contends that the evidence is insufficient to show his ability to make the restitution and supervisory fee payments required, or that the failure to pay the balance of the restitution and supervisory fees was intentional or willful.

The record is devoid of any evidence concerning appellant's ability to pay, or showing that the failure to make such payments was willful or intentional. Therefore, the order of revocation cannot be supported on the basis of failure to make the restitution or supervisory fee payments. See *Cotton v. State*, Tex.Cr.App., 472 S.W.2d 526; *Gormany v. State*, Tex.Cr. App., 486 S.W.2d 324; *Herrington v. State*, Tex.Cr.App., 534 S.W.2d 331, and cases cited therein.

We next consider the sufficiency of the evidence to support the trial court's findings that appellant failed to report (probation report, change of address, change of job, or arrest) "in person or by letter to the Sheriff of San Patricio County" as required by the terms and conditions of probation.

The State failed to call the Sheriff of San Patricio County, the Honorable Wayne Hitt, during the revocation hearing. In lieu of the duly-elected sheriff's testimony, the State called the chief jailer and chief deputy sheriff to testify. The jailer stated that he had worked with the sheriff's

---

1. This Court has previously indicated that in light of the provisions of Sections 10 and 31 of Art. 42.12, V.A.C.C.P., a sheriff should not be called upon to act as probation officer. See *Hilts v. State*, Tex.Cr.App., 476 S.W.2d 283; *Perkins v. State*, Tex.Cr.App., 504 S.W.2d 458. However, the record shows there was no official probation department in San Patricio County at the time appellant was placed on probation, and we find that no harm has accrued to appellant.

department since 1967 and that he did not have anything to do with reporting by probationers to the sheriff's office. Although the chief deputy sheriff indicated that appellant had never reported nor paid supervisory fees to the sheriff's *department*, there is no showing in this record that he had any responsibility, authority or knowledge concerning the sheriff's probation activities, or that he was qualified as the custodian of any records of any probationer. Under these circumstances, we hold that the testimony of the sheriff's office employees has no relevancy to the disposition of this case.[2]

■ In addition to the sheriff's employees, the State called the past and present adult probation officers of San Patricio County, both of whom testified that appellant had neither reported nor paid any restitution or supervisory fees to them.[3] Is the testimony of the probation officer sufficient to revoke under the facts of this case? We conclude that it is not.

The record affirmatively shows that the terms and conditions of appellant's probation required that he report in person or by letter to the Sheriff of San Patricio County, and there is no showing that these terms and conditions were ever altered or modified by the trial court to transfer appellant's probation supervisory duties to the adult probation department rather than the sheriff. As previously mentioned, the sheriff did not testify, and it is not shown that either of his employees was qualified to testify concerning the activities of any probationers. There is no showing that the

probation officers had any personal knowledge of the appellant's failure to report directly to the sheriff, as required by the terms and conditions of probation.

Absent some notice to the appellant, or at least a showing that appellant acknowledged and accepted an improper delegation of authority, appellant's probation cannot be revoked for failing to report to the probation officer since it was never shown that he was required to report to the probation department rather than to the sheriff. See *Brown v. State*, Tex.Cr.App., 508 S.W.2d 366; *Stevenson v. State*, Tex.Cr.App., 517 S.W.2d 280; *Ross v. State*, Tex.Cr.App., 523 S.W.2d 402. The testimony of the probation officers is insufficient under the facts of this case to support the order of revocation.

■ The record being devoid of any evidence to show that appellant had failed to report to the Sheriff of San Patricio County as required by the unmodified terms and conditions of probation, the trial court abused its discretion in revoking appellant's probation.

The order of revocation is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

To revoke probation, the violation of only one condition has to be proved beyond a preponderance of the evidence. The allegation that the probationer did not report in person or by letter to the Sheriff of San Patricio County, at Sinton, Texas on the first Saturday of each month was proved.

2. As mentioned previously, the practice of appointing a county sheriff as a probation officer is not recommended. See *Hilts v. State*, supra. Due to the disposition of this appeal, we are not called upon to decide whether or not the sheriff has the authority to delegate any of his personal responsibilities as a "probation officer" when he is appointed as a probation officer in a county. See and compare *Hartsfield v. State*, Tex.Cr.App., 523 S.W.2d 683.

3. The court admitted into evidence, over appellant's objection on the grounds of lack of official record and hearsay, State's Exhibit # 6, the document entitled "SHERIFF'S ADULT PROBATION DOCKET SAN PATRICIO COUNTY, TEXAS," which contained a series

of chronological notations allegedly concerning appellant's activities during the probationary period. According to the testimony, this document was transferred from the sheriff's office to the newly created probation department in November of 1971.

We need not determine in this case whether or not State's Exhibit # 6 qualified as a "business record" or "official record" under the appropriate statutes for the purpose of showing any of appellant's activities while on probation. However, see and compare *Coulter v. State*, Tex.Cr.App., 494 S.W.2d 876; *Jones v. State*, Tex.Cr.App., 500 S.W.2d 661; *Battee v. State*, 543 S.W.2d 91 (decided January 28, 1976)

The motion to revoke was filed November 5, 1975. It alleged, in part, that the probationer had "failed to report in person or by letter to the Sheriff of San Patricio County" since October of 1971.

Leroy Moody, who had been a deputy sheriff of San Patricio County since 1966 and who was chief deputy at the time of the hearing, testified that probationer was the same Larry William Ivy who was the defendant in Cause No. 3686 on the docket of the court. He related that State's Exhibit No. 6 was the "Sheriff's Adult Probation Docket of San Patricio County" and that it was kept in the sheriff's office until November of 1971 when the probation department was formed in the county. He related that he had been in the office daily and to his knowledge Ivy had not reported to the sheriff's department, and that the sheriff's department had been looking for Ivy for more than a year.

Alonzo Rodriquez testified that he had been the Adult Probation Officer of San Patricio County since November 15, 1971, and Ivy was placed on probation prior to that date, "but I never did hear from him, we tried to trace him", and he *"[N]ever did report, Your Honor."* (Emphasis supplied).

State's Exhibit No. 6, "Sheriff's Adult Probation Docket, San Patricio County, Texas", was admitted as a business record. It recites, in part, as follows:

```
"4-7-71      To 605: Box 692 Brenham, Tex Tele 836-9492
             (A.P. on weekends)

April 71     Letter                                         -0-

5-4-71       Jailed  D.W.I. Felony Portland P.D. case No.
             Made $1000 Bond

6-16-71      Moved to 203 Kyle St. Bryan, Tex. (Called)

June 71      By letter        44.50 Costs     60.00 rest.    10.00

July 71        "    "                         25.00 rest.    10.00
                                              25.00 rest.
Aug 71         "    " Box 401 La Grange wk: Margart Ivy
                                 Home Improvements           10.00
Sept 71        "    "             "           25.00          10.00

9-20-71      A/c Co.Ct. #9056   DWI Mailed P.O.
                La Grange                     25.00          10.00

10-6-71      Report mailed from Eagle Lake, Texas

Oct 71       Report dated Sept 30, 1971       25.00          10.00

11-22-71     Sent to Mrs. Hessie Reed check #9
               for $185.00 - restitution
             4160 Dunhaven,  Dallas , Tex 75220

11-29-71     Letter returned from P.O. Box 401, La Grange unclaimed
             (Notice to report directly to this office)  No address chg.

12-1-71      Notify Sheriff's office if report comes in.

12-7-71      Alias Capias No. 9056 sent to Sheriff W. B. Hauck
                                           Fugitive Warrant Division
                 (See Folder)              San Antonio,  Texas 78206

1-24-72      Bail Bond $2,500.00) Copy given by Sheriffs office (1-26-72)

3-5-73       SO reported they located Probationer in Illinois.
                Called Houston to return capias

11-11-74     Investigator for Texas Pest Control requested copy
                of Revocation Order - Subject Belived to be in
                Harris Co.

11-5-75      Subject believed to be in LaGrange, Tex. Warrant issued
                for subject's arrest - failure to report since 10/71,
                failure to pay balance of restitution ($505.00),
                failure to pay supervisory fees from 11/71 - 11/75
                ($480.00)."
```

The evidence is sufficient to show that Ivy did not report as directed. The docket entries corroborate the testimony of the officers who testified. Testimony that one did not report to the sheriff's office was evidence properly considered by the trial court. There does not have to be a delegation of authority by the sheriff for his deputies to testify that Ivy did not report. Did the probationer report to the sheriff is the question. The evidence shows that he did not do so.

The court did not abuse its discretion in revoking probation. The judgment should be affirmed.

ODOM, J., joins in this dissent.