**Thomas Earl DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54575.**

Court of Criminal Appeals of Texas, En Banc.

March 22, 1978.

---

Ward Casey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Jack Heinemann, Jerry Buckner and Howard M. Fender, Asst. Dist. Attys., Fort Worth, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order of the court revoking the appellant's probation. The trial judge found that the appellant had violated a condition of his probation, and sentenced the appellant to three years in the Texas Department of Corrections.

The appellant contends in one of his three grounds of error that the trial judge abused his discretion in revoking the appellant's probation because the evidence was insufficient. We reverse.

On January 14, 1974, the appellant pleaded guilty to the offense of burglary. The appellant was assessed a three-year proba-

---

1. The State had filed an original motion to revoke on September 12, 1974, but apparently did not prosecute that motion.

tionary term. One of the conditions of the appellant's probation was that he "d. [r]eport to the Adult Probation Officer of Tarrant County, Texas, as directed: on the 25th day of January, 1974, and on the 25th day of each month thereafter, during probation."

On December 12, 1975, the State filed its first amended motion to revoke probation,[1] and alleged that:

"1. The Defendant, Thomas Earl Davis, was ordered by the Court to report to the Adult Probation Officer of Tarrant County, Texas, as directed: on the 25th day of January, 1974, and on the 25th day of each month thereafter during probation. The defendant failed to report on the 25th day or any other day in the months of June, July, August, September, October, November, December, 1974; January, February, March, April, May, June, July, August, September, October, November, 1975. . . ."[2]

On November 4, 1976, a hearing was held on the State's first amended motion to revoke. At the close of that hearing, the trial judge found that the appellant had violated a condition of his probation by failing to report to the adult probation officer as alleged in the first amended motion to revoke.

The appellant's first contention challenges the sufficiency of the evidence.

The testimony reveals that the appellant was instructed to report to Gordon Sharratt, an adult probation officer for Tarrant County. The appellant reported to Sharratt from January 1974 until May 1974. Sharratt testified that the appellant failed to report to him during the months of June 1974 to November 1975.

On cross-examination, the following occurred:

---

2. The first amended motion to revoke alleged two other grounds, but the State presented no evidence regarding them, and the trial judge did not rely on them to revoke the appellant's probation.

"Q [DEFENSE COUNSEL] The policy and the procedure up there in the probation office is that when a defendant is assigned a probation officer to report to if he comes in there to report and his probation officer is out of pocket—if he's in court like you are right now or has gone to visit some place or look into an employment situation—then the probationer makes his report to some other probation officer, is that right?

"A [MR. SHARRATT] To another officer assigned to that court.

"Q [DEFENSE COUNSEL] All right. Were there other officers assigned to Criminal District Court?

"A [MR. SHARRATT] We now have five."[3]

Apparently an insufficient predicate was laid to introduce business records to reflect whether the appellant had reported to any other probation officer during the period in question. This evidence was excluded by the trial judge. Without passing on the admissibility of the records in this case, we note that properly authenticated records of a probation department may be introduced into evidence. The record is devoid of any evidence relative to whether the appellant reported to any officer other than Sharratt during the months in question.

We find that the evidence fails to support the trial judge's finding, and conclude that the trial judge abused his discretion in revoking the appellant's probation. *Hartsfield v. State*, 523 S.W.2d 683 (Tex.Cr.App. 1975).

In light of our disposition of the case, we need not reach the appellant's other contentions. The judgment is reversed.

---

**3.** The record reflects that as of January 1974 there were four adult probation officers for the court in which the appellant was convicted.