Tilford Lynn TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 62517.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 16, 1980.

Ronald N. Hayes, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Veronica E. Morgan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ., and QUENTIN KEITH, Commissioner.

## OPINION

QUENTIN KEITH, Commissioner.

This is an appeal from an order revoking probation. Appellant was charged by felony information with indecency with a child. He waived his right to trial by jury, filed a stipulation of evidence, made a judicial confession, and entered a plea of guilty. He was found guilty in a bench trial and his punishment assessed at confinement for seven years, probated.

Among the conditions of probation was a requirement that he participate in a community-based program "Cenikor." The first amended motion to revoke probation alleged that one of the terms of the probation was: "(1) Participate in any community-based program, to wit: The Shoulder, 5009 Calhoun, Houston, Texas, and the Vernon Project, Vernon, Texas." This was followed by an allegation that he had violated the terms of his probation by "failing to participate in the Vernon Project, Vernon, Texas," followed by a statement that he had been discharged for violating the rules of the Project.

Appellant pleaded "not true" to the motion to revoke and the State offered evidence to the effect that appellant had been taken to the Vernon Project by his mother and that he had been dismissed by the Vernon Project for violation of the rules, namely, fighting with another patient at the project. Appellant testified, admitting that he did fight with another of the patients at Vernon but attempted to justify such action.

During the course of his examination of appellant, his counsel established that at a hearing on an earlier motion to revoke probation "the Judge allowed you to be placed in the Vernon Program as an additional condition of probation."

At the conclusion of the hearing, the trial judge reduced the sentence from seven to three years, revoked the probation, and ordered appellant to serve not less than two nor more than three years in the Texas Department of Corrections. From this judgment, appellant has duly perfected his appeal.

Appellant's single ground of error complains that there was a fatal variance between the allegations in the motion to revoke and the "condition of Appellant's probation."

In his argument, counsel points, and correctly so, to the record which ordered his participation in "Cenikor" and proof of his failure to participate in the Vernon Project. We have searched the record diligently and find that the only reference to the participation in the Vernon Project, as a condition of probation, is the testimony of appellant elicited at the hearing.

The only supporting authority cited by appellant is *Ivy v. State*, 545 S.W.2d 827 (Tex.Cr.App.1977), holding that probation could not be revoked for failure to report to his probation officer when the order required him to report to the sheriff. The concluding paragraph of *Ivy* reads:

> "The record being devoid of any evidence to show that appellant had failed to report to the Sheriff of San Patricio County as required by the *unmodified terms* and conditions of probation, the trial court abused its discretion in revoking appellant's probation." (emphasis supplied)

The italicized words in the foregoing quotation reveal the distinction between the case at bar and the record faced by this Court in *Ivy*. Our record shows conclusively from appellant's own lips that the terms of the probation had been modified and that he had violated the terms of his probation, as modified.[1] See *Smith v. State*, 422

---

1. We pause to note our disapproval of an oral modification of the terms of probation. Art. 42.12, Sec. 6, Code of Criminal Procedure, while authorizing modification of conditions of probation, still requires the clerk to furnish a copy of such terms and conditions to the probationer. There is no record showing of the modification or that appellant was furnished a

S.W.2d 440, 441 (Tex.Cr.App.1967). *Smith* was followed in *Stevenson v. State*, 517 S.W.2d 280, 281–282 (Tex.Cr.App.1975). Appellant having definite and precise knowledge of the modified terms of his probation is not now in position to complain that the Clerk failed to discharge all of the duties placed upon him by law. *Stevenson v. State*, supra.

The State established that appellant failed to participate in the Vernon Project by his violation of the rules governing conduct in such institution. Appellant's complaint of abuse of discretion is without merit. See and compare *Salmons v. State*, 571 S.W.2d 29, 30 (Tex.Cr.App.1978).

The judgment of the trial court is affirmed.

copy thereof. Judges and Clerks should follow the statutory requirements so as to avoid confusion after there has been an alleged violation of the conditions of probation. See generally,

*Avalos v. State*, 480 S.W.2d 382, 384–385 (Tex. Cr.App.1972), Onion, P. J., concurring. See also, *Stevenson v. State*, 517 S.W.2d 280, 282 (Tex.Cr.App.1975).