TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00515-CR







Roy L. Sorrells, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0941721, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 This is an appeal from an order revoking community supervision. Appellant was
placed on community supervision following his conviction for possession of cocaine. The
punishment is imprisonment for five years.

 The district court found that appellant violated the conditions of supervision by
failing to report to his supervision officer on June 17, 1994, and by failing to complete the
program operated by the Central Texas Treatment Center. In five points of error, appellant
contends the evidence does not support these findings.

 Appellant was required to report to his supervision officer on the second
Wednesday of each month and at "any subsequent time as instructed by your Community
Supervision Officer." June 17 was not the second Wednesday of the month, but appellant's
supervision officer testified that he scheduled a meeting with appellant for that date and gave
appellant an appointment slip notifying him of the appointment. Appellant did not appear. 
Appellant contends this testimony is not sufficient to establish a violation because there is no
evidence that he was "instructed" to appear on June 17.

 Appellant analogizes his situation to that of a dental patient who misses an
appointment. He ignores a crucial distinction: a dental patient is under no legal obligation to see
his dentist. Appellant, as a convicted felon on community supervision, was required by the
conditions of supervision to report to his supervision officer. That obligation to report was
implicit when appellant was notified of the appointment date. The district court could reasonably
find from a preponderance of the evidence that appellant failed to report to his supervision officer
on June 17 as instructed. The cases cited by appellant are factually distinguishable. Brewer v.
State, 572 S.W.2d 719 (Tex. Crim. App. 1978); Davis v. State, 563 S.W.2d 264 (Tex. Crim.
App. 1978). Points of error four and five are overruled. 

 Because the evidence supports the finding that appellant failed to report, we need
not discuss the sufficiency of the evidence with regard to the other violation found by the court. 
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

 The order revoking community supervision is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 17, 1995

Do Not Publish