COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAUL SERRANO, | § | No. 08-08-00153-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20040D01938) |
| | § | |

**O P I N I O N**

This is an appeal from a judgment revoking Appellant's community supervision. The court assessed punishment at ten years' imprisonment upon the underlying offense of aggravated assault causing serious bodily injury.

**BACKGROUND**

On September 29, 2004, Appellant pleaded guilty to the offense of aggravated assault, and a ten-year probated sentence was imposed. One term and condition of probation, condition "d2," directed Appellant to report to CSO Agustin Ruiz within seventy-two hours for transfer instructions to enable him to serve his probationary term in California. Appellant was also required to begin serving a 135-day jail term on October 15, 2004.

On April 12, 2005, the State filed a motion to revoke Appellant's probation alleging among other things:

[O]n or about October 10th, 2004, in the county of El Paso and the State of Texas, the said defendant Raul Serrano, did then and there fail to report to his assigned Supervision Officer in violation of condition "d2" of his terms and conditions of community supervision.

[O]n or about October 10th, 2004, in the county of El Paso and the State of Texas, the said defendant Raul Serrano, did then and there fail to report to the El Paso County Detention Facility for a period of 135 days in violation of condition "n" of his terms and conditions of community supervision.[1]

At the hearing on the State's motion to revoke probation, the State relied on the testimony of Deputy Probation Officer Juan Rodriguez to establish the business records predicate for Appellant's probation file. While the file was not offered into evidence, Officer Rodriguez testified from it. Appellant asked to examine the file but he did not raise an objection to its use. Officer Rodriguez stated that the probation file did not contain any record of Appellant ever reporting to the county jail to serve his 135-day commitment. He stated that the probation office typically receives notice when an offender reports to jail for such a commitment.

Officer Rodriguez testified that Appellant had never reported to the probation department although he was required to report monthly. He related the efforts the probation department had made to locate Appellant. The officer testified that Appellant's case was never transferred to California because Appellant never reported to the probation office in El Paso County to start the transfer process.

At the close of evidence, the court found that the State had adequately proven the two allegations concerning the failure to report to the probation officer, and the failure to report for the jail commitment.

At the punishment stage of trial, Appellant admitted that he had not reported to the probation officer, and he did not complete his 135-day commitment. Testimony was then presented concerning his family situation in California and El Paso, and his health problems.

---

[1] The State also alleged three instances of failure to report in Los Angeles, California. However, no evidence was presented regarding those allegations and the court did not rely on those allegations in revoking Appellant's probation.

**DISCUSSION**

In Appellant's sole issue, he asserts that the evidence is legally and factually insufficient to support the finding that he violated the terms and conditions of his probation. Initially we note that a factual-sufficiency review is not applicable to a review of a revocation order. *Becker v. State,* 33 S.W.3d 64, 66 (Tex. App.–El Paso 2000, no pet.). As we noted in *Becker*, a revocation hearing is neither a criminal nor a civil trial, but rather an administrative hearing in which the trial court is vested with broad discretionary powers. *Id*. at 65-66, *citing Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Examination of a revocation order for factually sufficient evidence is inappropriate given the trial court's wide discretion and the unique nature of community supervision revocation proceedings. *Becker*, 33 S.W.3d at 66; *accord Antwine v. State*, 268 S.W.3d 634, 636-637 (Tex. App.–Eastland 2008, pet. ref'd); *Joseph v. State*, 3 S.W.3d 627, 642 (Tex. App.–Houston [14th Dist.] 1999, no pet.); *Johnson v. State*, 2 S.W.3d 685, 687 (Tex. App.–Fort Worth 1999, no pet.).

Instead, our review of a revocation hearing is limited to legal-sufficiency analysis in determining whether the trial court abused its discretion in revoking a defendant's community supervision. *Becker,* 33 S.W.3d at 66; *see also Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). The State bears the burden to establish the alleged violations of the trial court's order by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Becker,* 33 S.W.3d at 66. That burden is met when the greater weight of the evidence before the court creates a reasonable belief that the defendant violated a condition of community supervision. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Williams v. State*, 910 S.W.2d 83, 85 (Tex. App.–El Paso 1995, no pet.). In determining whether the allegations in the revocation motion are true, the trial court is the sole trier of facts, the credibility of the witnesses, and

the weight to be given the testimony. *Taylor*, 604 S.W.2d at 179; *Becker*, 33 S.W.3d at 66. Therefore, we, as a reviewing court, must view the evidence presented at the revocation proceeding in a light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

When the State has sustained its burden of proving the allegation by a preponderance of evidence and no procedural obstacle is raised, the decision whether to revoke probation is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex. App.–El Paso 1999, no pet.). Under such circumstances, the trial court's discretion is substantially absolute. *Flournoy*, 589 S.W.2d at 708; *Gordon*, 4 S.W.3d at 35. If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Gordon*, 4 S.W.3d at 35.

Appellant first contends that the evidence is insufficient because Officer Rodriguez testified from his probation file, lacking any first-hand knowledge of whether Appellant actually reported. However, testimony from a probation file is sufficient to support the revocation of probation. *See Greer v. State,* 999 S.W.2d 484, 489 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd), *cert. denied,* 531 U.S. 877, 121 S.Ct. 185, 148 L.Ed.2d 128 (2000). Furthermore, the absence of a notation in a probation file can be sufficient to prove the violation of a term and condition of probation. *Hardman v. State,* 614 S.W.2d 123, 128 (Tex. Crim. App. 1981). Here, Officer Rodriguez testified that the probation office receives notice when a probationer reports to jail and that in this case, the probation file did not reflect such notice. Further, he stated that there were no indications in the file that Appellant ever reported to jail. The trial court was entitled to accept Rodriguez's testimony as

evidence that the Appellant violated the terms and conditions of probation.[2] *Taylor*, 604 S.W.2d at 179; *Becker*, 33 S.W.3d at 66 (noting that the trial court is the sole trier of facts, the credibility of the witnesses, and the weight to be given the testimony at a revocation hearing).

Appellant also asserts that the motion to revoke references the dates of the two violations as being October 10, 2004, when the evidence indicated that Appellant was actually required to report and begin his commitment on October 15, 2004. We note that the motion alleges that both violations occurred "on or about" October 10. This language allows the State to prove a date other than the one alleged as long as the date proven is anterior to the present of the indictment and is within the statutory limitation period. *Wright v. State,* 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), *cert. denied,* 531 U.S. 1128, 121 S.Ct. 885,148 L.Ed.2d 793 (2001). Here the motion to revoke was filed on April 12, 2005. The motion to revoke was filed prior to the expiration of Appellant's probation. Accordingly, the evidence is sufficient to prove the date of the violation.

Appellant's final complaint is that his probation did not officially commence until October 15, 2004, since that was the date he was ordered to report to jail. However, as discussed above, Appellant never reported to jail, and Officer Rodriguez testified that he never reported to any probation officer. Thus, even if Appellant's probation officially commenced on October 15, 2004, the evidence is sufficient to support revocation as Appellant failed to ever report.

Finding no abuse of discretion in the revocation of Appellant's community supervision, we

---

[2] Appellant relies on *Brewer v. State*, 572 S.W.2d 719 (Tex. Crim. App. 1978), and *Davis v. State*, 563 S.W.2d 264, 266 (Tex. Crim. App. 1978), in contending the evidence was insufficient since Officer Rodriguez lacked first-hand knowledge. We find those cases distinguishable. In *Brewer*, there was no indication that the probation department's file was referenced by the witness, and in *Davis*, the probation file was not referenced because the State failed to establish it as a business record. *Brewer*, 572 S.W.2d at 722; *Davis*, 563 S.W.2d at 266. Here, Officer Rodriguez testified from the probation file. Although it was never admitted into evidence, his testimony from the probation file was not objected to.

overrule Appellant's sole issue.[3]

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

January 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[3] The State asserts that Appellant has waived his insufficiency argument under the residual holding of *DeGarmo v. State,* 691 S.W.2d 657, 660-61 (Tex. Crim. App. 1985), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). However, as we find the evidence to be sufficient, we need not address the State's contention.