COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                      | §  |                        |
| -------------------- | -- | ---------------------- |
| MICHAEL ROBERTS,     | §  | No. 08-09-00271-CR     |
| Appellant,           | §  | Appeal from            |
| v.                   | §  | 109th District Court   |
| THE STATE OF TEXAS,  | §  | of Andrews County, Texas |
| Appellee.            | §  | (TC # 4820)            |
|                      | §  |                        |

## O P I N I O N

Michael Roberts appeals from a judgment revoking community supervision. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

On May 1, 2007, Appellant was convicted of evading arrest or detention and his punishment was assessed at imprisonment for two years in the state jail. The trial court placed Appellant on community supervision for a period of two years. The State subsequently filed a motion to revoke alleging Appellant had committed the offense of trespass on May 13, 2008.[1] The trial court found that Appellant had violated the terms and conditions of community supervision by committing the offense of trespass and the court sentenced Appellant to serve 180 days in the state jail.

## FATAL VARIANCE

In his sole issue on appeal, Appellant contends that the trial court abused its discretion because there is a fatal variance between the allegation in the motion to revoke and the proof offered

---

[1] The petition also alleged that Appellant had not performed community service hours ordered by the trial court, but the State abandoned that allegation at the hearing.

in support. The motion to revoke alleged that Appellant committed the offense of trespass on or about May 13, 2008 in Ector County, Texas. At the hearing, the evidence showed that the offense actually occurred on December 20, 2007 and Appellant was convicted on May 13, 2008.

## *Standard of Review*

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. *Rickels*, 202 S.W.3d at 763-64. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). We also defer to the trial court's resolution of disputed facts and to any reasonable inferences which can be drawn from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).

A probationer is entitled to a written motion to revoke informing him of the violation of a term of probation he is alleged to have breached. *Garner v. State*, 545 S.W.2d 178, 179 (Tex.Crim.App. 1977). The motion to revoke must clearly set out the basis on which the State seeks revocation so that a defendant and his counsel have notice. *Leyva v. State*, 552 S.W.2d 158, 162 (Tex.Crim.App. 1977). A motion to revoke is not required to be as precise as an indictment or information, but need only give fair notice to the probationer of the condition of probation allegedly violated. *Figgins v. State*, 528 S.W.2d 261, 262-63 (Tex.Crim.App. 1975).

A variance occurs when there is a discrepancy between the allegation in the indictment and the proof presented at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument. *Id.* Although some courts treat variance claims as a notice-related claim, Texas state courts have routinely treated variance claims as insufficiency of the evidence problems. *Id.* A variance between the wording of an indictment and the evidence presented at trial is fatal only if it is material and prejudices the defendant's substantial rights. *Id.* at 257. The object of the fatal variance doctrine is to avoid surprise, and for such variance to be material it must be such as to mislead the party to his prejudice. *Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995). When reviewing such a variance, we examine (1) whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and (2) whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Gollihar,* 46 S.W.3d at 248. Only a material variance will render the evidence insufficient. *Id.* The fatal variance doctrine has been held applicable to revocations of community supervision. *See Taylor v. State*, 592 S.W.2d 614, 615 (Tex.Crim.App. 1980). In that context, we review the allegation in the motion to revoke to determine whether it sufficiently informed the defendant of the basis for revocation to allow him to prepare an adequate defense. *See Pierce v. State*, 113 S.W.3d 431, 441-42 (Tex.App.--Texarkana 2003, pet. ref'd).

There is nothing in the record to indicate that the motion to revoke operated as a surprise to Appellant. To the contrary, the record reflects that Appellant understood the basis for the State's motion to revoke and he presented a defense to the allegation that he violated the terms and conditions of community supervision by committing the offense of trespass. Consequently, we find

that the variance is immaterial, and therefore, it is not fatal to the trial court's finding. The trial court did not abuse its discretion by revoking Appellant's community supervision. Accordingly, we overrule the sole issue presented on appeal and affirm the trial court's judgment.

June 8, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)