NUMBER 13-00-338-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



THE STATE OF TEXAS Appellant,

v.


DARYLE LEE, Appellee.

 
 

On appeal from the 156th District Court

of Bee County, Texas.


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez



This is an appeal by the State of Texas of the trial court's order dismissing the State's prosecution against Daryle Lee. We
reverse and remand. 

On February 20, 1998, Lee was arrested for an assault he allegedly committed while incarcerated at the Texas Department
of Criminal Justice, Garza East Unit in Bee County, Texas. Lee was indicted by a Bee County grand jury on June 23, 1998,
for the offense of aggravated assault. On May 17, 1999, the trial court ordered a psychiatric examination of Lee, to
determine his competency to stand trial. On May 22, 2000, Lee's trial counsel filed a motion to dismiss the prosecution on
speedy trial grounds. On that same day, the trial court called for announcements in Lee's case, the State announced ready,
and Lee's counsel announced ready, subject to receiving the report of the psychiatric examination of Lee, which had not yet
been performed. After receiving counsels' announcements, the trial judge discussed with counsel the status and history of
the case, and then, without offering the parties an opportunity for full hearing on the issue of whether Lee's right to a speedy
trial had been violated, the trial court granted Lee's motion to dismiss. The State appeals the granting of this motion.

Before reaching the issue of whether the trial court erred in dismissing this cause, we note that Lee argues that this Court is
without jurisdiction over this appeal. We first address this jurisdictional issue.

Lee argues that the State's original notice of appeal states that the appeal is brought by the State under the authority of
article 44.01(a)(5), but does not contain the certification required by said article. See Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2002). However, the certification which Lee refers to is only required in cases where the court
"grants a motion to suppress evidence, a confession, or an admission." Id. The order appealed from in the present case
does not grant a motion to suppress, and therefore, the certification is not required.

The State's appeal herein was brought under article 44.01(a)(1). Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon
Supp. 2002). The State amended its notice of appeal to correctly reference article 44.01(a)(1); however, it did so after the
expiration of the deadline to perfect the appeal. Lee argues that the State's amendment of the notice of appeal was not
timely, and therefore, the appeal should be dismissed. However, Lee cites us to no authority which mandates that the
State's notice of appeal must reference the proper subsection under which the appeal is brought. The notice of appeal filed
by the State in the present case was timely filed and satisfied the requirements of article 44.01, and therefore, we hold that
we have jurisdiction to review this case.

The State argues in its sole issue that the trial court erred in granting Lee's motion to dismiss.

In his motion to dismiss, Lee expressly invoked his right to a speedy trial under both the state and federal constitutions. 
The right to a speedy trial is guaranteed by the Sixth Amendment as applied to the states by the Fourteenth Amendment. 
U.S. Const. amend. VI, XIV; Barker v. Wingo, 407 U.S. 514, 515 (1972). In addition, article I, section 10 of the Texas
Constitution guarantees the accused in all criminal prosecutions the right to a speedy public trial. Tex. Const. art. I, §10; see
also Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977). Although the Texas and federal rights to a speedy trial are
separate and distinct, interpretation and application of the Sixth Amendment right to a speedy trial by the federal courts has
served as a useful guide to the interpretation of the Texas constitutional right to a speedy trial by Texas courts. See
Chapman v. Evans, 744 S.W.2d 133, 135 (Tex. Crim. App. 1988); Pierce v. State, 921 S.W.2d 291, 293 (Tex. App.-Corpus
Christi 1996, no pet.). 

In determining whether an accused was denied his right to a speedy trial, we apply the balancing test set out by the United
States Supreme Court in Barker, 407 U.S. at 530-33. The factors we consider are: (1) the length of the delay; (2) the reason
for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. Id. at
531. No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation, and these factors
"must be considered together with such other circumstances as may be relevant." Id. at 533. This balancing test requires
that we conduct a bifurcated assessment of the trial court's decision. We review the factual components for abuse of
discretion and the legal components of the court's decision de novo. See State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim.
App. 1999).

In the present case, the record reveals that Lee's right to a speedy trial was first raised by written motion filed the same day
the trial court dismissed the case. The record does not reflect, however, that the State ever received prior notice that the
trial court would entertain Lee's motion to dismiss. We recognize that the trial court took notice of the length of the delay
and inquired of counsel as to the procedural history of the case; however, the court did not provide either party with a
meaningful opportunity to present evidence relating to each of the Barker factors. See Barker, 407 U.S. at 531. Because
the State was not given prior notice of the hearing on Lee's motion to dismiss, and because the trial court failed to conduct a
meaningful hearing on the lack of a "speedy trial" as a ground for dismissal, we conclude that the trial court erred to the
extent that it dismissed on this ground. State v. Salinas, 975 S.W.2d 717, 718 (Tex. App.-Corpus Christi 1998, no pet.);
see also United States v. Rich, 589 F.2d 1025, 1033-34 (10th Cir. 1978) (trial court errs when allowing a speedy trial
challenge to be raised summarily, without prior notice to the prosecution, on the basis of length of delay alone and
dismisses the case without an opportunity to present evidence on the Barker factors). We sustain the State's sole issue.

We reverse the trial court's order dismissing this cause, and remand this cause to the trial court for further proceedings
consistent with this opinion.

 

ROGELIO VALDEZ

Chief Justice



Do Not Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 7th day of March, 2002.