Billy Franklin NEWCOMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 53664.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and James C. Butts, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of felony theft; punishment was assessed at five years, and appellant was placed on probation. One condition of his probation was that he commit no offense against the laws of Texas. Probation was revoked for a violation of this condition upon the State's motion alleging commission of the offenses of burglary of a habitation and theft.

Appellant first contends the revocation is invalid because he was denied a speedy hearing on the State's motion. The motion was filed on October 30, 1975; the hearing was conducted and probation was revoked on May 28, 1976. Appellant was not free on bail. Under this circumstance the Legislature has set a time limit within which the motion must be heard in Article 42.12, Sec. 8(a), V.A.C.C.P., which provides in part:

"If the defendant has not been released on bail, *on motion by the defendant* the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation." (Emphasis added.)

This statute provided appellant with the means to secure a prompt hearing on the motion to revoke. See *Ex parte Trillo,* Tex. Cr.App., 540 S.W.2d 728. The record re-

flects no such motion filed by appellant. We therefore overrule appellant's contention that the length of delay denied him a speedy hearing as a matter of law. We also decline to set a time limit within which a motion to revoke probation must be heard.

In reaching this disposition we restrict ourselves to the contentions urged in appellant's brief. Appellant asserts that the length of delay in his case constituted a denial of a speedy hearing as a matter of law, and urges this Court to set a time limit within which a motion to revoke probation must be heard. He does not contend that the particular facts of his case show a denial of a speedy hearing under the balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). His failure to rely on *Barker v. Wingo* is understandable in light of the fact that the matter was not made an issue in the trial court and accordingly the record was not developed on this point.

■ We decline to address the issue sua sponte and thereby also decline to establish precedent for considering unassigned *Barker v. Wingo* error in every case where there has been a delay of the duration shown in this case. If we were to consider this issue, which by nature of the applicable balancing test requires a full development of the facts, on our own motion, it would be necessary to abate the case for a full hearing on the matter. We could not render a considered judgment on the matter without a fully developed record, and this is particularly so where, as here, the parties never made it an issue, did not present evidence on the matter, and would have been utterly without notice, prior to judgment in this Court, that a binding judgment between the parties would be entered on the matter. We are not saying that we would order a hearing if the issue were asserted without prior development in the record, but only that no judgment on the merits of the issue sua sponte should be entered without an evidentiary hearing first.

For these reasons we restrict consideration of the speedy trial issue to the matters asserted by appellant.

■ Appellant next contends the trial court erred in admitting his confession into evidence. Reliance is placed on *Sherman v. State,* Tex.Cr.App., 532 S.W.2d 634. Appellant testified on the issue of voluntariness that he confessed because he was told by Lee Glasscock, the interrogating officer, that if he did not confess he would be charged with a first degree felony punishable by five to ninety-nine years or life, and that if he did confess he would only be charged with a third degree felony punishable by two to ten years' confinement. The State called Glasscock who specifically denied appellant's assertions. This satisfied the burden that was not met in *Sherman v. State,* supra, and *Farr v. State,* Tex.Cr. App., 519 S.W.2d 876.

The second contention is overruled.

Finding no abuse of discretion, we affirm.

ONION, Presiding Judge, concurring.

Appellant was convicted of felony theft on May 4, 1973, and his punishment was assessed at five (5) years. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions, including:

"(2) Commit no offense against the laws of this or any other State or of the United States."

On October 30, 1975 the State filed a motion to revoke probation alleging violations of probationary condition # 2. On May 28, 1976 the court conducted a hearing on the motion and revoked probation, finding that on October 13, 1975 the appellant had committed the burglary of a habitation and also on the same date had unlawfully operated an automobile without the owner's consent.

On appeal appellant contends "The Court erred in considering State's Motion to revoke Appellant's probation because, as a matter of law, Appellant was denied a speedy hearing in said matter."

The right of an accused in a criminal case to a speedy trial is guaranteed by the Sixth

Amendment to the United States Constitution and is applicable to the states by virtue of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *McKinney v. State,* 491 S.W.2d 404 (Tex.Cr.App. 1973). There is also a corresponding right independently set forth in the Texas Constitution. See Article I, § 10, State Constitution, Vernon's Ann.St. See also Article 1.05, Vernon's Ann.C.C.P.

There can be no question that a probationer is entitled to a speedy hearing with regard to revocation proceedings. *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App. 1975); *McClure v. State,* 496 S.W.2d 588 (Tex.Cr. App. 1973); *Hilts v. State,* 476 S.W.2d 283 (Tex.Cr.App. 1972).

It is true that Article 42.12, § 8(a), Vernon's Ann.C.C.P., as amended by Acts 1975, 64th Leg., p. 1243, ch. 467, eff. June 19, 1975, provides that after the filing of a motion to revoke probation the probationer, who has not been released on bail, may by motion cause the court to have him brought before the court within 20 days of filing of said motion for a revocation hearing. And it has been held that where the court does not comply with the terms of the statute after the filing of such motion, the motion to revoke will be dismissed. *Ex parte Trillo,* 540 S.W.2d 728 (Tex.Cr.App. 1976).

While the use of provisions of Article 42.12, § 8(a), supra, is an effective way for a probationer (not on bail) to insure a speedy hearing on the revocation motion, the mere failure of a probationer (not on bail) to utilize this procedure does not answer the contention that a speedy trial has been denied. As will be pointed out, a defendant's assertion of or failure to assert his right to a speedy trial is only one factor to be considered in determining whether the defendant has been deprived of a speedy trial. Thus while the appellant (not on bail) did not seek to use the provisions of Article 42.12, § 8(a), supra, this failure is only one factor to be considered in passing upon appellant's contention.

A "balancing test" for the determination of the federally protected constitutional right to a speedy trial in which the conduct of the prosecution and the defendant is weighed was set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This "balancing test" has also been applied to the state protected constitutional right to a speedy trial or to a speedy hearing on revocation motions. Some factors that the court should consider in applying the "balancing test" are: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. See *Barker v. Wingo,* supra; *Pete v. State,* 501 S.W.2d 683 (Tex.Cr.App. 1973); *McKinney v. State,* supra. In *Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), it was made clear that none of these factors have "talismanic qualities" and, in particular, that a showing of prejudice is not sine qua non to demonstrating a denial of the right of speedy trial. See also *Davison v. State,* 510 S.W.2d 316, 319 (Tex.Cr.App. 1974); *Ross v. State,* supra (footnote # 1).

As to the length of delay, it is observed that the revocation motion was filed on October 30, 1975. The hearing on said motion was conducted on May 28, 1976, indicating a delay of almost seven months.

As to the reason for delay, the record reflects that on December 1, 1975 the cause was passed by agreement to December 11, 1975 for "pre trial" matters and to December 23, 1975 for the revocation hearing. On December 18, 1975 appellant's counsel filed a motion for "continuance" alleging appellant was in the hospital. The revocation hearing was then set for January 23, 1976. What transpired on that date is not reflected by the record. On March 23, 1976 the cause was passed by agreement to April 16, 1976. The record fails to reflect what occurred on that setting, but on May 21, 1976 the court set the hearing for May 28, 1976, at which time the hearing was conducted.

Thus the record is silent as to the reason for the delay except appellant's hospitalization and the several agreements of counsel to pass the cause. The record does not support any deliberate effort by the prosecution to delay the revocation hearing. It cannot be said that the delay was such as to demand a per se determination of a violation of the constitutional right to a speedy revocation hearing. *Haas v. State,* 498 S.W.2d 206, 211 (Tex.Cr.App. 1973).

The record fails to reflect any effort or attempt by the appellant to speed up the criminal process until the date of the revocation hearing when for the first time he orally moved to dismiss the revocation motion for lack of a speedy trial.

Of course, a failure to demand a speedy trial does not waive that right. As pointed out in *Barker v. Wingo,* supra, a defendant's assertion of or failure to assert such right is only one of the factors to be considered in making an inquiry into whether there has been a deprivation of the right to a speedy trial. It does not appear in the instant case that the appellant made any diligent or repeated efforts to obtain a speedy trial. *Dickey v. Florida,* supra.

In determining prejudice to a defendant, we must consider the interest of a defendant, which the speedy trial right was designed to protect: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the defendant; (3) to limit the possibility that the defense will be impaired. Appellant, however, has made no showing how he was prejudiced, if he was. *Haas v. State,* supra; *McKinney v. State,* supra.

Having considered the four factors mentioned in *Barker v. Wingo,* supra, and finding no other circumstances that are relevant, I conclude in applying the "balancing test" appellant was not denied his right to a speedy revocation hearing. See *George v. State,* 498 S.W.2d 202 (Tex.Cr.App. 1973); *McCarty v. State,* 498 S.W.2d 212 (Tex.Cr. App. 1973).

For the reasons stated, I concur.

ROBERTS, J., joins in this concurrence.