Rene Guerra, District & County Attorney, Cheryl Hole, Assistant District Attorney, Edinburg, for Appellant.

David Garcia, Law Offices of David Garcia, Edinburg, for Appellee.

The STATE of Texas, Appellant,

v.

Sigifredo SALINAS, Appellee.

No. 13–97–598–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 20, 1998.

**OPINION**

HINOJOSA, Justice.

This is an appeal by the State from an order of dismissal of a criminal prosecution. The State presents four issues contending the trial court erred (1) by dismissing a prosecution without the consent of the State,

**16.** *Aycock,* 853 S.W.2d at 163.

**17.** *L.P.D. v. R.C.,* 959 S.W.2d 728, 731 (Tex.App.-Austin 1998, writ denied).

**18.** Tex.R.App. P. 44.1(b).

(2) by dismissing the case without evidence of a speedy trial violation, (3) by not requiring the presence of the defendant at the pre-trial hearing, and (4) by issuing an order of dismissal which does not conform with the procedural facts of the case. We reverse and remand.

Appellee, Sigifredo Salinas, was charged on March 29, 1990 with the misdemeanor offense of driving while intoxicated. Salinas waived arraignment on May 4, 1990, and a pretrial conference was set in County Court at Law No. 3, but passed twice. A jury trial was scheduled and reset three times. When Salinas failed to appear for an April 23, 1991 trial setting, a judgment *nisi* was issued and his bond was forfeited. Approximately eighteen months later, Salinas reappeared and a new bond was set. That same day, November 6, 1992, the case was transferred to County Court at Law No. 1, and a pretrial hearing was set for November 30, 1992. The case was eventually set for a guilty plea on April 22, 1993, but the plea never took place.

On June 11, 1997, the State was ordered by the trial court to show cause why the case should not be dismissed for want of prosecution. Identical "show cause" orders were filed in over 200 other misdemeanor cases that had been filed generally between 1988 and 1992. At a July 9, 1997 show cause hearing, the trial court proceeded to call each case one-by-one to determine its status. Numerous cases were dismissed with the consent of the State, others were retained on the court's docket, while over sixty cases, including this one, were dismissed over the State's objection and have now been appealed to this Court. In none of the cases appealed did the defendant file a written motion to dismiss.

When this case was called, defense counsel David Garcia made an oral motion to dismiss because the defendant's right to a speedy trial had been violated. The trial court noted the State's objection, stated that the last setting had been April 22, 1993, and granted the dismissal. On July 9, 1997, the trial court signed an order dismissing this case for violation of Salinas's right to a speedy trial.

In its second issue, the State contends the trial court erred in dismissing this case for violation of the defendant's speedy trial rights.

Criminal defendants are entitled to a speedy trial under both federal and state constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The following factors, as announced by the United States Supreme Court, must be weighed by a reviewing court to determine whether the defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant from the delay. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Moreover, although the constitutional speedy trial rights of Texas and the United States are independent, Texas courts look to federal courts in determining state constitutional rights and use the *Barker* test to determine whether a defendant has been denied his state speedy trial right. *Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim.App. 1992); *State v. Flores,* 951 S.W.2d 134, 137 (Tex.App.—Corpus Christi 1997, no pet.).

The record in the present case, however, reveals that the issue of the defendant's right to a speedy trial was never raised prior to the day of the hearing. Nor did the trial court receive evidence from either the defense or the prosecution in regard to any of the *Barker* factors, aside from taking notice of the record on the length of the delay in each case. Accordingly, we conclude that without prior notice to the State of the defense's motion to dismiss and without a meaningful hearing on lack of a "speedy trial" as a ground for dismissal, the trial court erred to the extent that it dismissed on this ground. *See United States v. Rich,* 589 F.2d 1025, 1033–34 (10th Cir.1978) (trial court errs when, at a *sua sponte* hearing on the status of the case, it allows a speedy trial challenge to be raised summarily on the basis of length of delay alone and dismisses the case without prior notice to the State or an opportunity to present evidence on the *Barker* factors).

We sustain the State's second issue. In light of our disposition of this issue, it is not necessary to address the State's remaining issues. TEX.R.APP. P. 47.1.

We reverse the trial court's dismissal order and remand this case to the trial court for further proceedings consistent with this opinion.

Concurring opinion by YANEZ, J.

YANEZ, Justice, concurring.

I concur with the majority's disposition in this case, but for very different reasons. I would reach the speedy trial issue and hold that the judgment nisi issued both validates the State's delay and mitigates the prejudice to Salinas's defense.

Before addressing the merits of the State's appeal, however, I believe it is incumbent upon this Court to recognize that few of the State's issues, if any, were preserved for review. The rules of appellate procedure generally require that all complaints by an appellant have been preserved for review by any one of various possible procedures. *See* TEX.R.APP. P. 33.1. In the instant case and in all cases part of this consolidated appeal, the State never objected to the court's show cause order or the hearing at which the court dismissed these causes. The State, in fact, consented to the dismissal of some causes at the hearing. The State did not object to the absence of appellant. It did not object to the speedy trial order or move for reconsideration of the order. Indeed, at oral argument, the State conceded that it may have waived its complaints respecting these consolidated appeals and urged this Court to recognize that its blunders "will never happen again."

The State's incompetence is not limited to what occurred at the show cause hearing. On appeal, the State makes no effort to argue why we should not summarily affirm the judgments of the trial court on the ground that no complaints were preserved for appeal. At oral argument, following the State's concession that it may have waived its complaints, we announced that we would allow the State to supplement the record with a consolidated record of the hearing for the purpose of possibly locating facts about the hearing which would allow us to determine whether the State's challenges were preserved for review. The State submitted a supplemental brief which failed to demonstrate that it preserved any complaints, and we went so far as to order, sua sponte, production of the complete reporter's record of the show cause hearing. Upon review of this record, I have determined that it underscores the failure of the State to preserve any specific complaints about the dismissal.

I recognize—and perhaps the State does not—that article 44.01 of the code of criminal procedure allows the State to appeal a dismissal of an indictment or information. TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (Vernon Supp.1998). Article 44.01, in fact, has been understood to allow the State an appeal even when it did not object to the dismissal of an information. *State v. Garrett,* 798 S.W.2d 311, 313 (Tex.App.—Houston [1st Dist.] 1990), *aff'd,* 824 S.W.2d 181 (Tex.Crim.App. 1992). The rules of appellate procedure, nevertheless, generally require that all complaints by the appellant have been preserved for review. *See* TEX.R.APP. P. 33.1. Nothing in case law or statute explains why we should treat the State any different in its capacity as appellant. In the interest of justice, I would balance the general rule of preservation of error with the specificity of article 44.01 by holding that on appeal of a dismissal of an information, the State is limited to grounds or arguments presented orally or in writing to the trial court—irrespective of whether it acted to preserve the matter at a hearing. To entertain any other arguments, except for challenges to jurisdiction of the trial court, would make us a court of original jurisdiction.

By its first point of error, the State alleges the trial court erred in dismissing the cause of action without the consent of the prosecution. The show cause order, the State argues, instructed the State to show why the cause should not be dismissed for want of prosecution, but it is well-settled that a Texas court does not have the authority to dismiss a case for want of prosecution without the State's consent. By its fourth point of error, the State complains that the show cause hearing really was intended to be a "docket call" or "drop docket" proceeding, at which the State would announce cases on the court's docket which would be dismissed at the State's request, that the court instead

entertained oral motions to dismiss for violation of speedy trial rights without evidence in support of the motions, and thus the speedy trial dismissal order in this cause does not accurately reflect events underlying it.

A Texas trial court does not have general authority to dismiss a case without the prosecution's consent, unless dismissal is otherwise authorized by constitution, statute, or common law. *State v. Johnson,* 821 S.W.2d 609, 612–13 (Tex.Crim.App.1991); *State v. Meyer,* 953 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1997, no pet.). The trial court has no specific, inherent, or implied authority to dismiss a case for want of prosecution without the prosecution's consent. *State v. Donihoo,* 926 S.W.2d 314, 315–16 (Tex.App.—Dallas 1994, no pet.). A trial court does have authorization to dismiss a criminal prosecution without the consent of the State where a speedy trial violation has occurred. *Johnson,* 821 S.W.2d at 612 n. 2; *Meyer,* 953 S.W.2d at 825.

While some cases that are part of this consolidated appeal were expressly dismissed for want of prosecution, the dismissal order in this cause was issued expressly on speedy trial considerations. Irrespective of whether the trial court announced an order based on some other grounds raised, the written order of the court controls. *Eubanks v. State,* 599 S.W.2d 815, 817 (Tex.Crim.App. [Panel Op.] 1980). Hence the State's points of error claiming the court could not dismiss for want of prosecution sua sponte and that the speedy trial order does not reflect procedural facts are inapposite. I would overrule points of error one and four.

The State also claims all actions by the trial court are void because the defendant was not present. Article 28.01, section 1 of the code of criminal procedure provides that the defendant must be present at any pretrial proceeding. TEX.CODE CRIM. PROC. ANN. art. 28.01, § 1 (Vernon 1989). The record, however, reflects that the State failed to state this complaint at the show cause hearing or in writing to the court; therefore this complaint was not preserved for review. The record, in fact, does not indicate whether any particular defendant was present at or absent from the proceedings. I would overrule point of error three.

The remaining issue is the propriety of the court's dismissal on speedy trial grounds. By its second point of error, the State claims the court erred in concluding that Salinas was denied a speedy trial because no evidence was presented on the issue at the hearing, particularly on the most important speedy trial consideration—prejudice to the defendant. In my assessment, the State failed to show why the delay in trial is excusable.

In all criminal prosecutions, an accused's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, and this federal guarantee is made applicable against the states by incorporation into the Fourteenth Amendment Due Process Clause. *See* U.S. CONST., Amend. XIV; *Klopfer v. North Carolina,* 386 U.S. 213, 222, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Article I, Section 10 of the Texas Constitution also guarantees the accused in all criminal prosecutions a speedy public trial. TEX. CONST. art. I, § 10; *Hull v. State,* 699 S.W.2d 220, 221 (Tex.Crim.App.1985). While these guarantees arise under different constitutions, the Texas speedy trial guarantee is assessed under a balancing test identical to that set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) for violation of the Sixth Amendment speedy trial right. *Deeb v. State,* 815 S.W.2d 692, 704 (Tex.Crim.App. 1991).

Under *Barker,* courts should look to at least four factors to determine whether a defendant has been denied his right to a speedy trial. *Barker,* 407 U.S. at 523, 92 S.Ct. 2182; *Emery v. State,* 881 S.W.2d 702, 708 (Tex.Crim.App.1994); *Melendez v. State,* 929 S.W.2d 595, 599 (Tex.App.—Corpus Christi 1996, no pet.), These four factors are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right to speedy trial; and (4) prejudice to the defendant from the delay. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182. Of these, no single factor is a necessary or sufficient condition for a finding of a deprivation of the right to speedy trial; rather, they are interrelated and must be consid-

ered together with such other circumstances as may be relevant. *Id.* at 533, 92 S.Ct. 2182. In setting forth these factors, the Supreme Court explained that the determination of whether a defendant has been deprived of his right must be on an ad hoc basis. *Id.* at 523, 92 S.Ct. 2182. The determination requires "a functional analysis of the [speedy trial] right in the particular context of the case." *Id.* at 530, 92 S.Ct. 2182.

This Court has held that the proper method for review of a dismissal for violation of the speedy trial rights is to separate the factual from the legal components, and apply the abuse of discretion standard to the factual component, and the *de novo* standard to the legal component. *State v. Flores,* 951 S.W.2d 134, 138 (Tex.App.—Corpus Christi 1997, no pet.); *State v. Munoz,* 960 S.W.2d 191, 196 (Tex.App.—Corpus Christi 1997, pet. granted). How long the defendant has been without a trial, the State's reason for delay, how the defendant attempted to assert his right, and what prejudice the defendant suffered, in other words, are factual determinations subject to the abuse of discretion standard. The facts of this case are not in dispute. Accordingly, I would assess Salinas's speedy trial claim *de novo.*

### 1. *Length of delay*

Length of delay is a triggering mechanism so that a speedy trial claim will not be heard until passage of a prejudicial amount of time. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182; *Harris,* 827 S.W.2d at 956. The length of delay is measured from the time of arrest or formal accusation. *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The Supreme Court has recognized that lower courts have found a post-accusation delay, as it approached one year, to be presumptively prejudicial to trigger consideration of the remaining *Barker* factors. *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The court of criminal appeals has recognized that some courts presume a delay of eight months or more is prejudicial. *Harris,* 827 S.W.2d at 956. We have held that an eighteen-month delay between time or arrest and trial is presumptively unreasonable and prejudicial. *Melendez,* 929 S.W.2d at 595.

The record reflects that Salinas was charged with driving while intoxicated on March 29, 1990. According to the docket sheet on record, nothing occurred in this between April 22, 1998 and the June 11, 1997 show cause order and the July 9, 1997 hearing. Hence eight years have elapsed between when Salinas was charged and when he asserted his speedy trial right. I would hold that this length of delay in trial is presumptively unreasonable and prejudicial.

### 2. *Reason for delay*

The State has the burden of establishing a valid reason for delay. *Flores,* 951 S.W.2d at 140; *Pierce v. State,* 921 S.W.2d 291, 294 (Tex.App.—Corpus Christi 1996, no pet). When faced with the court's intention to dismiss this cause on speedy trial grounds, the State made no attempt to explain or defend the delay in trial. It merely objected to the dismissal without stating any particular grounds for its objection. The record, however, reflects that Salinas waived arraignment on May 4, 1990, and a pretrial conference was set in Hidalgo County Court at Law No. 3, but passed twice. A jury trial was scheduled and reset three times. When Salinas failed to appear for an April 23, 1991 trial setting, a judgment nisi was issued and his bond was forfeited. Approximately eighteen months later, Salinas reappeared and a new bond was set. That same day, November 6, 1992, the case was transferred to Hidalgo County Court at Law No. 1, and pretrial hearing was set for November 30, 1992. The case was eventually set for a guilty plea on April 22, 1993, but the plea never took place. When hold Salinas's failure to appear, the judgment nisi entered, and his reappearance requiring that a new bond be set give us sufficient reason to presume that the delay in trial was valid.

Accordingly, I would presume the delay is valid.

### 3. *Assertion of the speedy trial right*

A defendant has no duty to bring himself to trial, and the primary burden of insuring that cases are brought to trial rests on the courts and prosecution. *Barker,* 407 U.S. at 527, 92 S.Ct. 2182; *Melendez,* 929 S.W.2d at 599. The defendant, however, has the bur-

den of showing a diligent assertion of the right to a speedy trial, *Melendez,* 929 S.W.2d at 599; *State v. Hernandez,* 830 S.W.2d 631, 635 (Tex.App.—San Antonio 1992, no pet.); and the accused's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial. *Harris,* 827 S.W.2d at 957; *Flores,* 951 S.W.2d at 141. Moving for dismissal on speedy trial grounds after taking no action to assert a speedy trial right may even attenuate the strength of a speedy trial claim. *Phillips v. State,* 650 S.W.2d 396, 401 (Tex.Crim.App.1983). But the failure of a defendant to demand a trial does not permit a presumption of waiver of the speedy trial right, because waiver of fundamental constitutional rights may not be presumed from inaction. *Barker,* 407 U.S. at 524–26, 92 S.Ct. 2182; *Flores,* 951 S.W.2d at 141.

Nothing on record indicates that Salinas diligently asserted his speedy trial right prior to the show cause hearing. A jury trial had been scheduled and was reset three times. The judgment nisi suggests Salinas did not want a speedy trial; he apparently disappeared for eighteen months. I could not weigh this factor in Salinas's favor to any degree.

### 4. *Prejudice to defendant*

A defendant who invokes his right to a speedy trial is required to make a showing that the delay caused him some prejudice. *Chapman v. Evans,* 744 S.W.2d 133, 137 (Tex.Crim.App.1988). Prejudice should be assessed in light of the interests a speedy trial is designed to protect. *Barker,* 407 U.S. at 532, 92 S.Ct. 2182. The Supreme Court listed those interests as (i) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused, and (iii) to limit the possibility that his defense will be impaired. *Id.* Once the defendant makes a showing of prejudice, the burden shifts to the State to prove that the defendant suffered no serious prejudice beyond that which ensued from ordinary and inevitable delay. *Ex parte McKenzie,* 491 S.W.2d 122, 123 (Tex. Crim.App.1973).

As the Supreme Court has noted, nevertheless, affirmative proof of particularized prejudice is not essential to every speedy trial claim. *Doggett,* 505 U.S. at 655, 112 S.Ct. 2686. The *Doggett* Court noted that proof of the impairment of one's defense for speedy trial purposes is difficult to muster, "because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" *Id.* (quoting *Barker,* 407 U.S. at 532, 92 S.Ct. 2182). Thus, the Court determined that while presumptive prejudice cannot alone carry a Sixth Amendment claim, "we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in many ways that neither party can prove or, for that matter, identify." *Id.* at 655, 112 S.Ct. 2686.

Salinas did not attempt to offer affirmative proof of particularized prejudice, but eight years have passed since he was charged with the offense—a period of time several times that which courts generally find sufficient to trigger judicial review. Even so, I would not weigh heavily the impairment of his defense or any anxiety and concern experienced where there is evidence that the prejudice he suffers was self-inflicted, *i.e.,* caused by his apparent attempts to evade the judicial process.

Accordingly, I would hold that the State has not denied Salinas a speedy trial, sustain point of error two, and reverse and remand on these grounds.