The STATE of Texas, Appellant,

v.

Jose REYES, Appellee.

No. 04–04–00504–CR.

Court of Appeals of Texas, San Antonio.

Feb. 2, 2005.

Enrico B. Valdez, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Randall L. Greiner, Law Office of Randall L. Greiner, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice SANDEE BRYAN MARION, Justice PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

The State appeals from the trial court's dismissal of the information against defendant, Jose Reyes, on the grounds that the State violated defendant's right to a speedy trial. Because we find that the trial court erred by not conducting a hearing on defendant's speedy trial motion, we reverse and remand to the trial court.

On August 19, 2002, defendant was charged with the misdemeanor offense of driving while intoxicated. After several re-settings, trial was set for June 29, 2004. On the morning the case was set for trial, defendant filed a motion to dismiss, alleging that his right to a speedy trial had been violated. Apparently, without conducting a hearing, the trial court granted the motion.

## DISCUSSION

■ In its sole issue, the State contends the trial court erred by granting defendant's motion for speedy trial without conducting a hearing on the issue or otherwise receiving evidence from the parties. We agree.

The right to a speedy trial is guaranteed by the Sixth Amendment, as made applicable to the states by virtue of the Fourteenth Amendment. U.S. CONST. amend. VI, XIV; *see also Barker v. Wingo*, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Likewise, the Texas Constitution provides all criminal defendants the right to a speedy trial. TEX. CONST. art. I, § 10; *see also* TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977).

■ In determining whether a defendant's constitutional right to a speedy trial has been violated, the reviewing court must balance four factors: (1) length of the delay; (2) reasons for the delay; (3) assertion of the right; and (4) prejudice to the defendant resulting from the delay. *Barker*, 407 U.S. at 530, 92 S.Ct. 2182; *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim.App.1999). The conduct of both the prosecutor and the defendant must be weighed in balancing the four factors, and no single factor is determinative of a speedy trial violation. *Barker*, 407 U.S. at 530, 533, 92 S.Ct. 2182; *Munoz*, 991 S.W.2d at 821.

The nature of the applicable balancing test of the *Barker* factors requires a full development of the facts. *Newcomb v. State*, 547 S.W.2d 37, 38 (Tex.Crim.App. 1977). In this case, the defendant's speedy trial motion was filed and ruled on the morning trial was set to commence. The State did not have prior notice that the trial court would consider the motion on that day and no reporter's record was taken of any arguments heard by the court. Because it appears the trial court failed to conduct a hearing on whether defendant's right to a speedy trial was violated, we cannot render a considered decision on the issue of whether defendant was denied a speedy trial. *Newcomb*, 547 S.W.2d at 38. As such, we conclude the trial court erred to the extent it dismissed the case without conducting a meaningful hearing on the issue of whether the State denied defendant his right to a speedy trial. *See State v. Salinas*, 975 S.W.2d 717, 718 (Tex.App.-Corpus Christi, 1998, no pet.) (citing *United States v. Rich*, 589 F.2d 1025, 1033–34 (10th Cir.1978)).

Accordingly, we reverse the trial court's dismissal order and remand this case to the trial court for further proceedings consistent with this opinion.