OPINION

No. 04-04-00504-CR

THE STATE OF TEXAS
Appellant

v.

Jose REYES,
Appellee

From the County Court At Law No.1, Bexar County, Texas 
Trial Court No. 824636
Honorable Al Alonso, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 2, 2005

REVERSED AND REMANDED

            The State appeals from the trial court’s dismissal of the information against defendant, Jose
Reyes, on the grounds that the State violated defendant’s right to a speedy trial. Because we find that
the trial court erred by not conducting a hearing on defendant’s speedy trial motion, we reverse and
remand to the trial court.
            On August 19, 2002, defendant was charged with the misdemeanor offense of driving while
intoxicated. After several re-settings, trial was set for June 29, 2004. On the morning the case was
set for trial, defendant filed a motion to dismiss, alleging that his right to a speedy trial had been
violated. Apparently, without conducting a hearing, the trial court granted the motion.
DISCUSSION
            In its sole issue, the State contends the trial court erred by granting defendant’s motion for
speedy trial without conducting a hearing on the issue or otherwise receiving evidence from the
parties. We agree.
            The right to a speedy trial is guaranteed by the Sixth Amendment, as made applicable to the
states by virtue of the Fourteenth Amendment. U.S. Const. amend. VI, XIV; see also Barker v.
Wingo, 407 U.S. 514, 515 (1972). Likewise, the Texas Constitution provides all criminal defendants
the right to a speedy trial. Tex. Const. art. I, § 10; see also Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 1977). 
            In determining whether a defendant’s constitutional right to a speedy trial has been violated,
the reviewing court must balance four factors: (1) length of the delay; (2) reasons for the delay; (3)
assertion of the right; and (4) prejudice to the defendant resulting from the delay. Barker, 407 U.S.
at 530; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). The conduct of both the
prosecutor and the defendant must be weighed in balancing the four factors, and no single factor is
determinative of a speedy trial violation. Barker, 407 U.S. at 530, 533; Munoz, 991 S.W.2d at 821. 
            The nature of the applicable balancing test of the Barker factors requires a full development
of the facts. Newcomb v. State, 547 S.W.2d 37, 38 (Tex. Crim. App. 1977). In this case, the
defendant’s speedy trial motion was filed and ruled on the morning trial was set to commence. The
State did not have prior notice that the trial court would consider the motion on that day and no
reporter’s record was taken of any arguments heard by the court. Because it appears the trial court
failed to conduct a hearing on whether defendant’s right to a speedy trial was violated, we cannot
render a considered decision on the issue of whether defendant was denied a speedy trial. Newcomb,
547 S.W.2d at 38. As such, we conclude the trial court erred to the extent it dismissed the case
without conducting a meaningful hearing on the issue of whether the State denied defendant his right
to a speedy trial. See State v. Salinas, 975 S.W.2d 717, 718 (Tex. App.–Corpus Christi, 1998, no
pet.) (citing United States v. Rich, 589 F.2d 1025, 1033-34 (10th Cir. 1978)). 
            Accordingly, we reverse the trial court’s dismissal order and remand this case to the trial
court for further proceedings consistent with this opinion.
 
Sandee Bryan Marion, Justice
PUBLISH