

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00208-CR
### NO. 02-14-00209-CR

THE STATE OF TEXAS                                                    APPELLANT

V.

DOROTHY MAE BRYAN                                                          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NOS. 1287413, 1287414

----------

## MEMORANDUM OPINION[1]

----------

The State appeals from the trial court's order granting appellee Dorothy Mae Bryan's motions to dismiss the charges brought against her based on speedy-trial violations. We reverse the trial court's order and remand these cases to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3(a).

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

On June 28, 2012, the Tarrant County District Attorney filed informations charging Bryan with possession of not more than fifteen milligrams of hydrocodone (the possession case) and interference with public duties (the interference case). *See* Tex. Code Crim. Proc. Ann. art. 21.20 (West 2009); Tex. Health & Safety Code Ann. § 481.104(a)(4) (West Supp. 2014), § 481.117 (West 2010); Tex. Penal Code Ann. § 38.15 (West 2011). As alleged, both offenses were misdemeanors. *See* Tex. Health & Safety Code Ann. § 481.117(b); Tex. Penal Code Ann. § 38.15(b). The offenses were alleged to have occurred on May 18, 2012, and Bryan was released on bond the next day—May 19, 2012. On July 20, 2012, Bryan's retained counsel—Steven Swander—entered an appearance in each case. Six days later on July 26, 2012, Swander filed in the possession case a motion to suppress the hydrocodone pill found on Bryan after she was arrested for the interference offense. Swander alleged that the arrest had been without a warrant or probable cause. *See generally* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (mandating exclusion of evidence procured illegally). Swander argued that because Bryan's interference was solely verbal, she did not illegally interfere with public duties; thus, the arrest was unlawful. *See* Tex. Penal Code Ann. § 38.15(d).

The record does not reflect that the motion was set for a hearing as Swander requested in the motion;[2] however, on July 26, 2012, the trial court signed a "continuance" order in both cases and "continued" the motion to suppress until November 1, 2012 on its own motion. The record does not indicate whether any action was taken on or before November 1, 2012 regarding the motion to suppress. On December 31, 2012, a new attorney—Leigh W. Davis—entered an appearance as Bryan's retained attorney in both cases.[3] On January 7, 2013, the trial court, sua sponte and in both cases, continued the motion to suppress until April 11, 2013. Because the trial court was concerned Davis did not have notice of the April 11, 2013 setting, the motion to suppress was not heard that day either although all parties appeared for the hearing. The prosecutor informed Davis that she would "discuss with the arresting officers the case in more detail"; therefore, Davis agreed not to immediately request a hearing on the motion to suppress.

On May 28, 2013, Bryan filed a motion for continuance in both cases, waiving her rights to a speedy trial in writing. The trial court continued "this cause" until June 28, 2013 after noting "State" on the order as the reason for the continuance. Bryan filed a similar continuance motion on June 28, 2013, waiving

---

[2]Bryan's appellate counsel asserted at oral argument that the motion was scheduled for a hearing in November 2012.

[3]New counsel was required after Swander died during the pendency of these cases.

3

her speedy-trial rights, and the trial court granted a continuance until July 22, 2013. No reason for the continuance was noted in the motion or the order. On July 22, 2013, the trial court continued both the possession case, the interference case, and the motion-to-suppress hearing in the possession case until September 26, 2013, noting "Pass By The Court." On September 26, 2013, Davis called the trial court's coordinator to inform her that he could not attend the hearing on the motion to suppress because he was in trial in another court. The coordinator informed Davis that his unavailability was not a problem because "the State's witness was not available anyway." Apparently, the trial court reset the motion to suppress for January 9, 2014. On that date, the coordinator called Davis and told him that the motion to suppress would not be heard that day because the State had "asked for a verbal continuance." It appears a hearing on the motion to suppress was then set for March 13, 2014.

On February 13, 2014, Bryan filed motions to dismiss the information in both the possession case and the interference case based on speedy-trial violations. The motion to suppress was not heard on March 13 because "the court was closed." The trial court then set a hearing on the motion to suppress for April 3, 2014. On March 28, 2014, the coordinator called Davis and told him that the hearing would have to be rescheduled, possibly for May 15, because the judge had a doctor's appointment. On May 14, 2014, Bryan filed a supplemental motion to dismiss in the possession case raising the two continuances of the

4

motion-to-suppress hearing that had occurred after her motions to dismiss were filed.

On May 15, 2014, almost two years after the informations were filed, the trial court scheduled a hearing on Bryan's motion to suppress and all attorneys and Bryan were present. At the beginning of the hearing, Davis stated that he was ready to proceed on the motion to suppress but directed the court's attention to the motions to dismiss and asked that the court "take that up first," which "might alleviate the motion [to suppress] hearing."[4] The prosecutor affirmed that she had reviewed the motions to dismiss but later stated that she had not received the supplemental motion. After hearing a review of the settings and re-settings of the motion as recounted by Davis and the prosecutor, the trial court granted the motions to dismiss and stated that the dismissals were not a "reflection on [the State] at all" but were "a reflection on the way my court has handled this." Indeed, the prosecutors appearing at the hearing apparently had been assigned to Bryan's cases for less than six months. No party requested and the trial court did not enter findings of fact or conclusions of law. The State appeals the dismissals. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2014).

---

[4]Bryan's appellate counsel acknowledged at oral argument that the motions to dismiss were not actually set for a hearing on that date.

5

## II. DISCUSSION

In a single point, the State argues that the trial court erred by granting Bryan's motions to dismiss because there was insufficient evidence that Bryan's speedy-trial rights were violated. In reviewing a speedy-trial claim, we are to apply a balancing test to determine if a defendant has been denied her constitutional right to a speedy trial. *See Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997); *Harris v. State*, 827 S. W.2d 949, 956 (Tex. Crim. App.), *cert. denied*, 506 U.S. 942 (1992). This test considers, among other relevant circumstances, the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 531, 92 S. Ct. 2182, 2192 (1972). The conduct of both the State and the defendant must be weighed in balancing these factors, and no single factor is determinative of a speedy-trial violation. *See id.* at 530, 533, 92 S. Ct. at 2191–92, 2193. Before this balancing test is triggered, however, we must calculate the period of delay and determine if the length of the delay has passed from ordinary to "presumptively prejudicial."[5]  *Id.* at 530, 92 S. Ct. at 2192; *see also Doggett v. United States*, 505 U.S. 647, 651–52,

---

[5]The reason-for-the-delay factor and the determination of a triggering mechanism necessarily take into account the nature of the offense. *See Barker*, 407 U.S. at 530–31, 92 S. Ct. at 2192; *Zamorano v. State*, 84 S.W.3d 643, 650 (Tex. Crim. App. 2002).

112 S. Ct. 2686, 2690–91 (1992); *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014).

Our review of the trial court's application of the *Barker* test is the same bifurcated review applicable in the context of a motion to suppress:

> That is, we give almost total deference to historical findings of fact of the trial court that the record supports and draw reasonable inferences from those facts necessary to support the trial court's findings, but we review de novo whether there was sufficient presumptive prejudice to proceed to a *Barker* analysis and the weighing of the *Barker* factors, which are legal questions. . . . In addition, a reviewing court should not consider in its deliberations record evidence that was not before the trial court when it made its ruling.

*Gonzales*, 435 S.W.3d at 808–09 (citations omitted). Because the trial court did not enter findings of fact or conclusions of law, we presume that the trial court resolved any disputed fact issues in Bryan's favor and we must defer to such implied findings. *See State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).

In this case, the State asserts that the trial court's ruling may not be affirmed because the hearing was nothing more than "a conversation with the defense attorney and prosecutors"; thus, the required evidence on the *Barker* factors was not before the trial court. Several cases reinforce the tenet that a speedy-trial violation may not be found in the absence of a meaningful hearing. *See, e.g.*, *Wade v.* State, 83 S.W.3d 835, 838 (Tex. App.—Texarkana 2002, no pet.) (reinforcing precedent that speedy-trial issue waived unless raised in trial court and record developed); *State v. DeLeon*, 975 S.W.2d 722, 724 (Tex.

7

App.—Corpus Christi 1998, no pet.) (concluding hearing insufficient when no evidence received and speedy-trial issue not raised at hearing or before). Such is the case here.

The May 15, 2014 hearing had been set to hear the motion to suppress and became a hearing on the motions to dismiss only after Davis mentioned the dismissal motions at the beginning of the hearing. The State had no notice that a hearing on the dismissal motions would be held that day and had not received Bryan's supplemental motion to dismiss at the time of the hearing. The State, therefore, did not have an opportunity to marshal its proof on any of the factors, some of which it bore the burden of proof on. Further, the trial court gave neither the State nor Bryan the opportunity to introduce evidence relevant to the *Barker* factors and solely considered the fact of the delay. This amounts to no hearing at all. *See State v. Reyes*, 162 S.W.3d 267, 269 (Tex. App.—San Antonio 2005, no pet.) (concluding hearing insufficient because motion to dismiss not filed until morning of trial and State had no prior notice that motion would be considered that day); *State v. Tellez*, 976 S.W.2d 333, 334 (Tex. App.—Corpus Christi 1998, no pet.) (holding hearing insufficient after speedy-trial issue not raised at hearing or before and trial court received no evidence on *Barker* factors); *State v. Salinas*, 975 S.W.2d 717, 718 (Tex. App.—Corpus Christi 1998, no pet.) (holding hearing insufficient when speedy-trial right not raised until day of hearing and trial court received no evidence of *Barker* factors other than taking notice of delay).

## III. CONCLUSION

We conclude that the trial court's failure to hold a meaningful hearing on Bryan's motions to dismiss and supplemental motion to dismiss results in our inability to properly evaluate the trial court's ruling under the *Barker* factors. Accordingly, the trial court erred to the extent it dismissed the charges without conducting a meaningful hearing on the issue of whether the State denied Bryan her right to a speedy trial. *Reyes*, 162 S.W.3d at 269; *see also* 42 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 28:27 (3d ed. 2011) ("A trial court has no authority to simply dismiss pending cases on speedy trial grounds, at least without prior notice to the State and a hearing."). We reverse the trial court's order granting the motions to dismiss and remand to the trial court for further, prompt proceedings consistent with this opinion. *See* Tex. R. App. P. 43.2(d), 43.3(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 19, 2015

9