

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00492-CR

The **STATE** of Texas,
Appellant

v.

Michael David **SEGURA**,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 605001
Honorable Rosie S. Gonzalez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

REVERSED AND REMANDED

The State appeals from the trial court's order granting appellee Michael David Segura's

oral motion to dismiss the charges against him for violation of his right to a speedy trial. Because

the trial court failed to hold a meaningful hearing on the motion, we reverse and remand for further

proceedings.

### BACKGROUND

On January 2, 2019, the State charged Segura with assault. Two weeks later, Segura filed

discovery motions and a request to the State for production of material evidence. *See* TEX. CODE

CRIM. PROC. art. 39.14(a); *Watkins v. State*, 619 S.W.3d 265, 273–78 (Tex. Crim. App. 2021) (describing passage of the Michael Morton Act "revamping" Article 39.14). On October 9, 2019, the State filed a first motion for continuance, asserting a need to complete discovery. On August 2, 2021, Segura filed a motion for continuance, arguing that trial during the COVID-19 pandemic would compromise his rights.

On October 26, 2021, the trial court held a hearing on "trial docket announcements." At the hearing, the State announced that it had just received relevant records and requested a continuance to provide the records to Segura. Segura requested a continuance to review the records. The trial court stated in response:

> All right. Standby, folks. I'm not too sure I'm going to grant you-all's continuance. This is a 2018 case.[1] There's absolutely no reason why we're three years down the road and we're not ready to go today, so please standby.

The court then considered other cases. When the trial court returned its attention to Segura's case, Segura's counsel remarked that he filed discovery motions in 2019, but the State still had not provided production to Segura. Counsel then stated: "I'm going to move for a speedy trial. I mean, it's an old case, 2018."

The trial court asked the State to respond, and the State's counsel responded:

> Your Honor, we were ready to go to trial. The only reason this case got reset was because at the last hearing for call docket, the defense requested those records on the record, otherwise we were ready to go.

Segura's counsel stated that Segura was not ready, responding:

> No, Judge. This discovery issue is still the issue. I'm complaining of the fact that they've had notice since 2019, and a complete actively filed Morton motion is what we're supposed to provide. And again, I'm not blaming it on [the State's attorney]. She's just the one holding the hot potato.

---

[1] The information alleges that Segura committed assault on or about July 4, 2018. The trial court signed a warrant for Segura's arrest on December 28, 2018; however, Segura was charged on January 2, 2019.

The trial court immediately responded: "The case is dismissed. We're going on [another case]. Let's get ready, folks." The hearing then concluded.

The State appeals from the trial court's order dismissing the case. In two issues, the State argues (1) a motion for speedy trial may not be granted without written notice to the State and a meaningful hearing and (2) the State may raise the lack of written notice and the failure to conduct a meaningful hearing for the first time on appeal. Segura responds that the State waived any right to appeal by failing to object to the granting of Segura's oral motion and that the trial court conducted a brief but meaningful hearing.

ANALYSIS

*Right to a Speedy Trial*

The Sixth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution guarantee a defendant the right to a speedy trial. U.S. CONST. amend. 6; TEX. CONST. art. 1, § 10; *see State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021). Courts evaluate speedy-trial claims on an "ad hoc basis," considering relevant circumstances and the following four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *accord Lopez*, 631 S.W.3d at 113. None of these factors are a necessary or sufficient condition to finding a violation, and the factors "have no talismanic qualities." *Baker*, 407 U.S. at 533. Courts, instead, must engage in "a difficult and sensitive balancing process," and the conduct of both the prosecutor and the defendant must be weighed. *Id.*; *see State v. Reyes*, 162 S.W.3d 267, 268 (Tex. App.— San Antonio 2005, no pet.). The State has the burden of justifying the length of delay, and the defendant has the burden of proving the assertion of the right and showing prejudice. *State v. Lampkin*, 630 S.W.3d 559, 562–63 (Tex. App.—San Antonio 2021, no pet.) (mem. op., not designated for publication) (citing *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim App. 2008)).

*Standard of Review*

We review a trial court's decision on a motion for speedy trial under a bifurcated standard of review. *Lopez*, 631 S.W.3d at 113. We review factual components for an abuse of discretion, and legal components *de novo*. *Id.* at 113–14. While an evaluation of the *Barker* factors includes factual determinations and legal conclusions, "the balancing test as a whole is a purely legal question that we review *de novo*." *Id.* at 114 (citation omitted). Because the State did not request findings of fact and conclusions of law, we imply all findings necessary to support the trial court's ruling if those findings are supported by the record. *Id.*

*Discussion*

The parties dispute whether a motion to dismiss for violation of a defendant's right to a speedy trial must be in writing and, if so, whether the requirement can be waived by the State. We sidestep this matter. *See* TEX. R. APP. P. 47.1. Instead, we agree with the State that the trial court's abbreviated, non-evidentiary hearing was insufficient to support its dismissal ruling and that the State preserved its challenge to dismissal.

In *State v. Reyes*, we held a trial court erred by dismissing a case on speedy-trial grounds without conducting a meaningful hearing on the issue because "[t]he nature of the applicable balancing test of the *Barker* factors requires a full development of the facts." *Reyes*, 162 S.W.3d at 269 (citing *Newcomb v. State*, 547 S.W.2d 37, 38 (Tex. Crim. App. 1977)). In that case, Reyes filed his speedy-trial motion and the trial court considered it on the morning that trial was set to commence. *Id.* The State had no prior notice that the speedy-trial motion would be considered, and no reporter's record was taken. *Id.* We concluded: "Because it appears the trial court failed to conduct a hearing on whether defendant's right to a speedy trial was violated, we cannot render a considered decision on the issue of whether defendant was denied a speedy trial." *Id.* (citing *Newcomb*, 547 S.W.2d at 38). We reversed and remanded. *Id.*

The Thirteenth Court of Appeals likewise reversed and remanded after a trial court dismissed charges without conducting a meaningful hearing. *See State v. De Leon*, 975 S.W.2d 722, 724 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (en banc). *De Leon* is one of several appeals arising from a trial court's *sua sponte* orders to the State in over 200 misdemeanor cases to show cause why the cases should not be dismissed for want of prosecution. *Id.* at 723; *see also, e.g.*, *State v. Salinas*, 975 S.W.2d 717, 718 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (en banc). De Leon's right to a speedy trial was not raised before or during the show cause hearing, and no evidence was received at the hearing on any of the *Barker* factors, aside from the trial court's notice of the length of delay shown from the record. *De Leon*, 975 S.W.2d at 724.

Relatedly, the Court of Criminal Appeals noted the importance of factual development as to the *Barker* factors. It held in *Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013) that a defendant must preserve a complaint about lack of a speedy trial for appellate review because:

> a requirement of preservation allows the trial court to develop the record sufficiently for a *Barker* analysis. At least two of the *Barker* factors (the reason for delay and the prejudice to the accused) are fact-specific inquiries and may not be readily apparent from the trial record. A requirement that the appellant assert his complaint at the trial level enables the court to hold a hearing and develop this record so that the appellate courts may more accurately assess the claim.

*Id.* at 769. In an unpublished opinion, our sister court in Fort Worth described as a "tenet" that "a speedy-trial violation may not be found in the absence of a meaningful hearing." *State v. Bryan*, No. 02-14-00208-CR, 2015 WL 1284969, at *3 (Tex. App.—Fort Worth Mar. 19, 2015, no pet.) (mem. op., not designated for publication) (citations omitted).

Here, as in *Reyes*, the record reveals that the trial court did not conduct a meaningful hearing on Segura's motion for dismissal on speedy-trial grounds. While we have a reporter's record, unlike in *Reyes*, this abbreviated record shows only that the charges against Segura and Segura's discovery request had been pending for just under three years and that, on the day of the

hearing and not before, the State was prepared to produce material responsive to Segura's discovery requests. The hearing was non-evidentiary and there was no discussion concerning prejudice to Segura from the delay. *See Barker*, 407 U.S. at 530; *Lampkin*, 630 S.W.3d at 562–63 (defendant's burden to prove assertion of the right to speedy trial and show prejudice). The record is undeveloped regarding when or if at all Segura asserted his right to a speedy trial before making his oral motion. *See Barker*, 407 U.S. at 530. As to the reason for the delay, it is apparent from the record that the State's delay in producing discovery responses played some part, but there is no indication whether this delay was justified and how it should be weighted. *See id.* at 531 ("[D]ifferent weights should be assigned to different reasons [for delay]. A deliberate attempt to delay the trial should be weighted heavily against the government. A more neutral reason . . . should be weighted less heavily . . . . A valid reason . . . should serve to justify appropriate delay." (footnote omitted)); *Lampkin*, 630 S.W.3d at 562–63 (State's burden to justify length of delay).

In short, the applicable balancing test "requires a full development of the facts," which did not occur here, and the trial court erred by dismissing the case without conducting a meaningful hearing on the issue of whether the State denied Segura his right to a speedy trial. *Reyes*, 162 S.W.3d at 269; *cf. Newcomb*, 547 S.W.2d at 38 ("If we were to consider this issue [of violation of a defendant's right to a speedy trial], which by nature of the applicable balancing test requires a full development of the facts, on our own motion, it would be necessary to abate the case for a full hearing on the matter."); *State v. Mungia*, 119 S.W.3d 814, 817 (Tex. Crim. App. 2003) ("[T]he dismissal of an indictment is a drastic measure only to be used in the most extraordinary circumstances." (citation omitted)).

Assuming, without deciding that the State must object to dismissal of an information or an indictment on speedy-trial grounds, we hold that the State did so. To preserve a complaint for appellate review, there must be a timely, specific objection stating, "the grounds for the ruling that

the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint" and a ruling by the trial court. TEX. R. APP. P. 33.1(a). "To be sufficiently specific, an objection need not employ hyper-technical or formalistic words or phrases." *State v. Lerma*, 639 S.W.3d 63, 66 (Tex. Crim. App. 2021). Instead, "the party must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in a position to do something about it." *Id.* at 66–67 (citation omitted).

The State made the trial court aware that it opposed Segura's oral motion, and it did so when the trial court was able to do something about it, specifically proceed to trial or grant the motions for continuance that the State and Segura had requested earlier during the hearing. Although the State did not specifically object at the hearing to the trial court's failure to conduct a meaningful hearing, it is hard to imagine how it could have done so. It was discernable only in hindsight that the hearing was not meaningful because during the hearing a potential existed for appropriate development of the record. However, without forewarning, the trial court ruled: "The case is dismissed. We're going on [another case]. Let's get ready folks." The proceedings then concluded.

Neither we, nor the Court of Criminal Appeals, have required more of the State under comparable circumstances. In *Reyes*, our opinion gave no indication that the State objected to the lack of a meaningful hearing, let alone made its opposition to the defendant's speedy-trial motion known to the trial court. *See Reyes*, 162 S.W.3d at 269. In *Lopez*, the Court of Criminal Appeals summarized the proceedings below: "[W]hat occurred can only be described as a confusing hearing that included off-the-record conversations and unclear rulings that failed to follow our statutes and existing case law." *Lopez*, 631 S.W.3d at 112. The *Lopez* court conducted an "independent review of the record" and analyzed the *Barker* factors without regard to whether the

parties made specific arguments as to the factors below. *See id.* at 110, 114–16. Despite the "confusing hearing," it was clear from the record, as here, that the State opposed dismissal on speedy-trial grounds and made its opposition known to the trial court before its ruling. *See id.* at 112–13.

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH