

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. PD-0660-22

LANCE TAYLOR, Appellant

V.

THE STATE OF TEXAS

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
NUECES COUNTY

*Per curiam.*

# O P I N I O N

Appellant was convicted of murder and tampering with evidence. On appeal, he complained that he was denied his right to a speedy trial. The Court of Appeals found that it was unable to review the issue "as the trial court did not conduct a meaningful hearing." *Taylor v. State*, 655 S.W.3d 478 (Tex. App. – Corpus Christi–Edinburg October 6, 2022).

It found that the balancing test provided for in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), "requires a full development of the facts," which did not occur here. *Id.* The appellate court relied on *State v. DeLeon*, 975 S.W.2d 722 (Corpus Christi-Edinburg 1998, no pet.); *State v. Reyes*, 162 S.W.3d 267 (San Antonio 2005, no pet.); *Newcomb v. State*, 547 S.W.2d 37 (Tex. Crim. App. 1977); and *Grimaldo v. State*, 130 S.W.3d 450 (Corpus Christi-Edinburg 2004, no pet.).

Appellant has filed a petition for discretionary review arguing, *inter alia*, that the Court of Appeals erred in failing to conduct a *de novo* review. We agree.

The cases on which the appellate court relied are distinguishable. In *DeLeon*, the case was delayed nine years and the trial court *sua sponte* dismissed for lack of a speedy trial; the defendant never raised the issue and it was not litigated. The Corpus Christi Court found it was error to dismiss a case on speedy trial grounds without a "meaningful hearing" on the issue because the only evidence in the record was the length of the delay. Similarly, in *Reyes*, the defendant moved to dismiss for lack of a speedy trial on the morning of trial, and the trial court summarily granted the motion without hearing any evidence. The San Antonio Court also spoke of the need for a "meaningful hearing." See also *Grimaldo* (defendant presented speedy trial motion on day of trial and presented no evidence).

In *Newcomb*, this Court reviewed a request to set a firm time limit on when a motion to revoke probation could be heard. We declined to do so, stating instead that the *Barker* factors should be weighed. We said that "no judgment on the merits of the issue *sua sponte*

should be entered without an evidentiary hearing."

The Court of Appeals misunderstood this case law to mean that some type of specially-designated "Speedy Trial Hearing" is required before an appellate court can weigh the *Barker* factors. But neither this Court nor the lower courts have required that. Instead, the only requirement is that the relevant information be in the record – the length of the delay, reason for the delay, assertion of the right, and prejudice. In all the cases cited by the appellate court, the only information in the record was the length of the delay. That alone is insufficient to grant a motion to dismiss for lack of a speedy trial or to reverse the denial of one on appeal.

In this case, the record shows the length of the delay, the reasons for the delay, and Appellant's assertion of the right. The only thing the record might not show is whether and what type of prejudice Appellant suffered. But that potential deficiency does not prevent an appellate court from weighing the factors; it merely affects how they will be weighed. *See, e.g., Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686 (1992).

The Court of Appeals erred in failing to conduct the *Barker* balancing test and instead requiring some kind of formal speedy trial hearing. This record is sufficient to conduct the balancing test and the appellate court should have done so.

We grant review of grounds one, two, and four of Appellant's petition, vacate the judgment of the Court of Appeals, and remand this case to that court for proceedings consistent with this opinion. Ground three is refused.

DATE DELIVERED: May 17, 2023

PUBLISH